**The STATE of North Dakota ex rel. NORTH-
ERN STATES POWER COMPANY,
Petitioner,**

**v.**

**The Honorable Obert C. TEIGEN, Judge of
the District Court, McHenry County, State
of North Dakota in and for the Second Ju-
dicial District; Rose Tossett, Clerk of the
District Court of Ward County, North Da-
kota; and J. B. Semrau, Clerk of the Dis-
trict Court, McHenry County, North Dako-
ta, Respondents.**

**No. 7634.**

Supreme Court of North Dakota.

Dec. 13, 1956.

Palda, Palda & Peterson, Minot, for re-
lator.

Ilvedson, Pringle, Herigstad & Meschke,
Minot, and Victor V. Stiehm, Towner, for
respondents.

MORRIS, Judge.

The relator has made an application to
this court for the exercise of the superin-
tending control over inferior courts vested
in it by Section 86 of the North Dakota
Constitution and asks that an appropriate
writ be issued under the power of this court
provided by Section 87.

On or about June 20, 1956, the relator,
Northern States Power Company, com-
menced three actions in eminent domain in
the District Court of Ward County to se-
cure a right of way for the erection and
maintenance of an electric power line. In
one action Oscar N. Johnson, Marcella
Johnson, Aurelia King, British-American
Oil Producing Co., Huston Huffman, J. P.
Wemple, North Central Oil Corporation,
D. W. King, and Amelia King were de-
fendants. In another action the defend-
ants were Lyle Whitted and Marion Whit-
ted; and in a third action Kermit Whitted
and Ruby Whitted were defendants. At
about the same time similar actions were
started in the District Court of McHenry
County in eminent domain by the same
plaintiff against Jerome Effertz; Bessie M.
Effertz; E. C. Wralstad; Thomas R.
Doyle, also known as T. R. Doyle; Hubert

Doyle; Theodore R. Harness; Sophie Harness; H. L. Hunt; Eugene Golly, administrator of the estate of Geo. Sigman, deceased; Anna M. Miller; Ole Harness; Borghild Harness; and Sohio. Petroleum Company, defendants.

On August 15, 1956, at the courthouse in the City of Minot in Ward County before Honorable Obert C. Teigen, Judge, a trial was had of the question of necessity of the taking by the plaintiff of property of the defendants. At the beginning of this trial it was stated in open court by the plaintiff's counsel:

"The plaintiff and defendants have agreed that the five actions in McHenry County and the three actions in Ward County, may be tried as one action, both on the question of necessity and on the question of damages. * * * It has also been stipulated and agreed that the jury cases, if there should be jury cases, will be tried in McHenry County."

On September 7, 1956, the court found that the plaintiff sought a right of way across various tracts of land belonging to the defendants for the purpose of constructing, operating, and maintaining a line for the transmission of electricity, a strip of land 75 feet in width. The court further found that the property proposed to be taken is for a use authorized by law and the taking is necessary to such use. He further found that the route proposed by the plaintiff for its transmission line and the land sought to be taken are located in a manner which will be most compatible with the greatest public good and the least private injury. The court reached the conclusion that the plaintiff was entitled to a judgment of necessity and directed that judgment be entered accordingly. Such a judgment was entered in the District Court of Ward County on September 10, 1956. On September 13, 1956, a judgment to the same effect was entered in the District Court of McHenry County with respect to the property sought to be acquired in that county.

Appeals were taken by the defendants to the supreme court from these judgments. The appeals are now pending.

The next step appears to have been an application by the plaintiff for a jury trial of the issue of damages to be had in McHenry County in all cases according to the stipulation made at the time of the trial to the court of the issue of necessity. Pursuant to that application the court ordered the clerk of the District Court of McHenry County to summon 36 jurors to appear at the courthouse in that county on October 9, 1956. This order is dated September 20, 1956. Thereafter the defendants noticed a motion for a stay of proceedings pending the appeal to the supreme court and for the court to fix the amount of any additional undertaking that it would require. This motion was heard October 3, and on October 4, 1956, the court issued its order staying proceedings, including the special term of court called to try the actions before a jury, until the further order of the court "to await the decision on the appeal of judgment of necessity by the Supreme Court."

The plaintiff now asks us to direct the trial court to set aside the stay of proceedings and to proceed to promptly try before the jury questions of damages for the taking of the various pieces of property involved in these actions.

We turn now to Chapter 32-15, NDRC 1943, which contains our statutes on eminent domain. Section 32-1507 provides:

"All proceedings under this chapter must be prosecuted by civil action brought in the district court of the county in which the property or some part thereof is situated."

Section 32-1505 says that:

"Before property can be taken it must appear:

"1. That the use to which it is to be applied is a use authorized by law;

"2. That the taking is necessary to such use; and

"3. If already appropriated to some public use, that the public use to which it is to be applied is a more necessary public use."

This section does not require that the question of a necessary taking must be determined before the question of damages can be tried. It requires only that necessity must appear before the property can be taken.

The defendants point to Section 32–1534, which in part provides:

"upon the payment of the damages assessed the plaintiff shall be entitled to enter into, improve, and hold possession of the property sought to be condemned as provided in section 32–1529 and to devote the same to the public use in question, and no motion for a new trial or appeal after such payment shall retard the contemplated improvement in any manner."

They argue that this section contemplates the possibility of two appeals, one from a determination of necessity and a subsequent appeal on the issue of damages alone, and that where an appeal is taken from a judgment of necessity, as was done in this case, the trial court may in its discretion stay all proceedings with respect to the issue of damages until the question of necessity has been determined by the appellate court. Without accepting the defendants' premise that two appeals may be taken or even that two judgments may be entered, one on the question of necessity and the other on the question of damages, see Bancroft's Code Practice and Remedies, Section 3054, we would point out that

"At any time after the entry of judgment, whenever the plaintiff shall have paid to the defendant, or into court for the defendant, the full amount of the judgment, the district court in which the proceeding was tried, upon notice

of not less than three days, may authorize the plaintiff to take possession of and use the property during the pendency of and until the final conclusion of the litigation and, if necessary, may stay all actions and proceedings against the plaintiff on account thereof." Section 32–1529, NDRC 1943.

If the defendant accepts payment he may not thereafter litigate the question of necessity, for the section further provides:

"A payment to a defendant as aforesaid shall be held to be an abandonment by such defendant of all defenses interposed by him, except his claim for greater compensation."

It is clear from a careful reading of these sections that the statute contemplates that after entry of judgment the plaintiff may be given possession upon depositing the damages adjudged and that unless the defendant accepts payment all of his defenses, including necessity, may be asserted by him either upon a motion for a new trial, a new trial, or appeal, if presented in accordance with prescribed practice.

It has been pointed out that in Kessler v. Thompson, N.D., 75 N.W.2d 172, 189, we said:

"The use of the property pending an appeal, would constitute at least a partial taking prior to the determination of the court that it was necessary to take the property and before the compensation for it had been determined, and paid into court."

In that case we were discussing a taking by the commissioner of state highways, an administrative agency of the state, under a procedure which purported to permit the commissioner to take the property pending an appeal from an award made by the board of county commissioners to the district court, not an appeal from the district court as is the case here.

Sections 32–1529 and 32–1534 are not the only statutes that imply that the trial of

the question of compensation may proceed before a final determination of the question of necessity. The whole tenor of the chapter on eminent domain indicates that the issues are determinable in one action and that all the issues shall be tried and determined as quickly as possible. Section 32-1508 requires that the summons be in the form prescribed in the title Judicial Procedure, Civil, except that the time for answer is shortened from thirty days in the ordinary action to fifteen days in eminent domain proceedings. The time for publication of summons and mailing a copy of the summons and complaint is also shortened. Sections 32-1509 and 32-1510 and 32-1511. The note of issue must be filed with the clerk of the district court four days before the date of trial of the action. Section 35-1512. Section 32-1516 provides for a special term to try the issues and Section 32-1517 makes the action triable at any general, special, or adjourned term of the district court and contains this significant accelerating provision:

"If issue is not joined prior to the commencement of any regular, special, or adjourned term, the plaintiff nevertheless may require said cause to be tried on such day thereof as the court may order, but plaintiff shall serve upon the opposite party, or parties, a seven days' notice of trial, specifying the date of trial, as fixed by order of the court."

Prior to September 20, 1956, the plaintiff applied for a jury trial and on that date the court pursuant to the application directed the clerk of the district court to call a jury to appear on October 9, 1956. Attached to the order is this statement signed by the court:

"The special term of the District Court in and for the County of McHenry, State of North Dakota as called in the above and foregoing order, was called after conference with the other judges in the district and with the approval of a majority thereof pursuant to Sec. 8 of Article I of the Rules of Practice in the District Courts of North Dakota as promulgated by the Supreme Court of the State of North Dakota."

Section 32-1513, NDRC 1943, provides that:

"Whenever in an action brought under the provisions of this chapter an issue is formed whereby it appears that the attendance of a jury will be necessary to assess the damages in such action, the plaintiff therein may apply to the judge of the district court where the same is pending for an order requiring a jury to be summoned to assess the damages in such action. Thereupon the judge shall issue an order to the clerk of said court requiring a jury to be summoned, and in such order shall specify the number of jurors to be drawn, the place where they are to appear, and the time when they shall come, which shall be not less than eight days nor more than thirty days from the date thereof."

This section, when considered in connection with the other provisions for acceleration of the determination of the issues in eminent domain actions, clearly makes it the duty of the court to proceed with the assessment of damages as rapidly as the procedure provided will permit and that the court has no power to stay such proceedings pending the final determination of other issues.

In making this decision we do not pass upon the correctness of the procedure followed by the parties and the court in entering a separate judgment determining the question of necessity nor do we pass upon the defendants' right to appeal from such judgment. See Nichols on Eminent Domain, Third Edition, Section 26.32. As the record comes to us those matters are accomplished facts and for the purposes of this decision we accept them as such. This being an application for a supervisory writ, the sole question before us is whether the

trial court in the exercise of his discretion had power to stay the trial and determination of the question of compensation and damages until after a disposition has been made of the appeal from the judgment determining necessity. It is clear to us that the trial court has no such power. It is the duty of the trial court to vacate the stay and proceed forthwith to determine the question of compensation and damages in accordance with the procedure outlined in the statutes to which we have referred. He is directed so to do.

BURKE, C. J., and SATHRE, JOHNSON, and GRIMSON, JJ., concur.