CITY OF FARGO URBAN RENEWAL
AGENCY, a public body corporate and politic, Plaintiff and Respondent,

v.

FARGO UNION MISSION, Defendant
and Appellant,

and

City of Fargo, a municipal corporation,
Defendant and Respondent,

and

Cass County, North Dakota, a public corporation, State of North Dakota, Lloyd Omdahl, the North Dakota State Tax Commissioner, Defendants.

No. 8416.

Supreme Court of North Dakota.

Aug. 17, 1967.

Nilles, Oehlert, Hansen, Selbo & Magill,
Fargo, for defendant and appellant Fargo
Union Mission.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for plaintiff and respondent.

Conmy, Conmy & Feste, Fargo, for defendant and respondent City of Fargo.

ERICKSTAD, Judge.

On January 26, 1966, the City of Fargo Urban Renewal Agency (hereafter called the Agency) commenced a condemnation proceeding to acquire property owned by the Fargo Union Mission (hereafter called the Mission).

The City of Fargo was also named as a defendant. In its answer it asserted that it had an interest and lien in the property to be condemned, in that certain special improvements to the property had been made and special assessments had been levied against it, and that the unpaid, uncertified, and unreturned special assessments levied against the property were in the amount of $2,444.40. It asked that any judgment entered protect the city's interest and lien and provide for the payment to it of that sum plus any taxes certified to the county auditor in 1965 or prior years which had not been paid.

A jury verdict was returned which found the reasonable and fair market value of the property condemned to be $122,750. No judgment was entered thereon, but the court executed a document entitled "Final Order of Condemnation" dated June 20, 1966. This order stated that a verdict for $122,750 had been returned and that the Agency had deposited with the court a check in that amount.

The order required that the Mission furnish the Agency with an abstract of title to the condemned property and convey it by warranty deed free and clear of all encumbrances, including taxes and special assessments for the years previous to 1966, and the uncertified and unreturned special assessments, before the clerk of the court should distribute to the landowner the money on deposit with the court.

The record discloses that, notwithstanding these provisions, the Agency on June 17, 1966, issued a check for $119,421.46 payable to the clerk of the court, the Mission, and the Metropolitan Savings & Loan Association, a check for $2,499.37 (the amount of the uncertified and unreturned special assessments) payable to the City of Fargo, a check for $693.87 payable to the Cass County Treasurer, and a check for $135.30 payable to the U. S. Postmaster at Fargo, the checks totalling $122,750. In exchange for the check for $119,421.46 the Mission executed and delivered a warranty deed dated June 13, 1966, whereby it conveyed the condemned property to the Agency and covenanted that the property was free from all encumbrances except installments of special assessments or assessments for special improvements which had not been certified to the county auditor for collection.

On August 16, 1966, after accepting the check for $119,421.46, under the conditions heretofore stated, and a check dated June 21, 1966, for $13,826.24 ($12,562.50 for attorney's fees and $1,263.74 for costs) made payable to the Mission and its attorney, the Mission filed its notice of appeal, in which it stated that it was appealing "from the final order of condemnation dated June 20, 1966, deducting the unpaid balance of special assessments from the award." The specification of error attached to the notice of appeal asserted that "the court erred in its final order of condemnation in deducting the unpaid balance of special assessments from the jury award."

■ As both the Agency and the City of Fargo filed motions in the Supreme Court to dismiss the appeal, we must consider those motions before we consider the appeal itself.

The motion filed on behalf· of the City alleges, among other things, that by accepting the checks for $119,421.46 and for $13,846.24, the Mission voluntarily settled the case and thus is now estopped from taking an appeal.

The Mission contends, however, that the situation is the same in this case as it was in the three appeals reported as City of Southwest Fargo Urban Renewal Agency v. Lenthe, 149 N.W.2d 373 (N.D.1967), and thus that the motion for dismissal of the appeal should be denied and the Mission should be successful in its appeal, permitting it to recover the amount of the uncertified and unreturned special assessments, which the final order of condemnation required to be paid to the City of Fargo.

We believe it is important, however, to note the distinction between this case and *City of Southwest Fargo Urban Renewal Agency.* In that case, following the verdicts of the jury, separate judgments were entered; and after the entry of the judgments the Agency deposited with the Clerk of the District Court of Cass County the amounts of the verdicts. Thereafter the appellant landowners moved that the district court issue its order distributing the monies on deposit with the clerk of the court to those entitled to them. Pursuant to a stipulation entered into between the Agency, the City, and the appellant landowners the district court ordered the clerk to disburse all of the amounts on deposit with him except those amounts representing the unpaid special assessments claimed by the City of Southwest Fargo. By subsequent orders the district court ordered that the funds held by the clerk in sums of the unpaid special assessments be disbursed by the clerk to the City of Southwest Fargo. It was from those orders that the landowners appealed.

▮ In this case no judgment was entered on the verdict. Section 32–15–29, N.D.C.C., clearly indicates that a judgment must be entered upon the verdict and that thereafter a certain procedure must be followed. The procedure prescribed by the statute was also ignored.

32–15–29. When possession taken— How money paid defendant—Acceptance—Abandonment of defenses.—At any time after the entry of judgment, whenever the plaintiff shall have paid to the defendant, or into court for the defendant, the full amount of the judgment, the district court in which the proceeding was tried, upon notice of not less than three days, may authorize the plaintiff to take possession of and use the property during the pendency of and until the final conclusion of the litigation and, if necessary, may stay all actions and proceedings against the plaintiff on account thereof. The defendant, who is entitled to the money paid into court for him upon judgment, shall be entitled to demand and receive the same at any time thereafter upon obtaining an order therefor from the court. The court, or a judge thereof, upon application made by such defendant, shall order and direct that the money so paid into court for him be delivered to him upon his filing a satisfaction of the judgment, or upon his filing a receipt therefor and an abandonment of all defenses to the action or proceeding except as to the amount of damages that he may be entitled to in the event that a new trial shall be granted. A payment to a defendant as aforesaid shall be held to be an abandonment by such defendant of all defenses interposed by him, except his claim for greater compensation.

North Dakota Century Code.

Another distinguishing feature is that in the City of Southwest Fargo Urban Renewal Agency cases all of the parties stipulated that all but the amount of the uncertified and unreturned special assessments could be paid without affecting the parties' right of appeal. In this case no such stipulation was made.

Under these circumstances we believe that the acceptance of the checks by the Mission deprived it of its right to appeal.

This is consistent with the inference contained in State ex rel. Northern States Power Co. v. Teigen, 80 N.W.2d 110

(N.D.1956), in which this court, speaking through Judge Morris, after an analysis of § 32–1529, N.D.R.C.1943 [now § 32–15–29, N.D.C.C.], albeit for another reason, and of another statute not pertinent to this discussion, said:

> It is clear from a careful reading of these sections that the statute contemplates that after entry of judgment the plaintiff may be given possession upon depositing the damages adjudged and that *unless the defendant accepts payment all of his defenses, including necessity, may be asserted by him either upon a motion for a new trial, a new trial, or appeal, if presented in accordance with prescribed practice.* [Emphasis added.]

State v. Teigen, supra, 112.

The motion for dismissal is therefore granted.

STRUTZ, C. J., and KNUDSON, PAULSON, and TEIGEN, JJ., concur.