Wm. F. HODNY and Doris L. Hodny,
Plaintiffs/Appellees,

v.

Comfort L. HOYT et al., Defendants,

and

Francis J. Kahl, Appellant.

Wm. F. HODNY and Doris L.
Hodny, Plaintiffs,

v.

Comfort L. HOYT et al., Defendants,

and

Richard M. Hoyt et al., Appellants,

Grand Lodge of the Knights of Pythias,
Domain of North Dakota, Third-Party
Defendant/Appellee.

Civ. Nos. 9035, 9036.

Supreme Court of North Dakota.

Dec. 20, 1974.

Sperry & Schultz, Bismarck, for appellants.

C. J. Schauss, Mandan, for appellees.

PAULSON, Judge.

Comfort L. Hoyt, by a trust deed dated November 5, 1924, conveyed to A. W. Patterson, John L. Bowers, and George F. Wilson, as trustees, the following land:

The Southwest Quarter (SW ¼) of Section Four (4), In Township One Hundred Thirty-eight (138), of Range, Eighty-one (81), West of the Fifth Principal Meridian, in Morton County, North Dakota

The pertinent provisions of the trust are: that the land be conveyed to Mandan Lodge No. 14, Knights of Pythias of the Domain of North Dakota, ten years from the date of the instrument, unless prior to the expiration of said ten years, the Grand Lodge of the Knights of Pythias of the Domain of North Dakota construct a Pythian Home on the described property or in Morton County; that upon construction of said Pythian Home, the trustees convey the property to the Grand Lodge of the Knights of Pythias of the Domain of North Dakota; that the rents and profits from such property be held in trust for the party to whom the property is subsequently conveyed; that the District Court of Morton County may fill the place of a trustee who dies, resigns, or refuses to act; that in the event that the Mandan Lodge No. 14, Knights of Pythias, should cease to exist before the end of the ten years or the Grand Lodge should fail to construct the Pythian Home within the time and in the place designated, said trustees or their successors shall convey said premises to Annie S. Hoyt and Abbie Hoyt, if living, but if they shall be dead, then the trustees or their successors shall convey said premises to John S. Hoyt, or to his heirs, of Bellevue, Pennsylvania.

The Pythian Home has never been built in Morton County and the Mandan Lodge No. 14 of the Knights of Pythias ceased to exist in 1931. The original trustees collected the rents from the property, but made no conveyance of the property before their death. Francis J. Kahl has been in possession of the property since 1962.

Pursuant to the terms of the trust instrument, the District Court of Morton County, on August 6, 1973, appointed new trustees as successors to those trustees named in the trust deed. These trustees, by special warranty deed, conveyed the property to the Grand Lodge of the Knights of Pythias. Subsequently, the Grand Lodge of the Knights of Pythias made an agreement to sell the property to William F. Hodny and Doris L. Hodny. The sale was made by quitclaim deed on November 10, 1973. It is this sale that led to the commencement of the action before this court.

The Hodnys then brought an action to quiet title and named the deceased parties, Comfort L. Hoyt, Annie S. Hoyt, Abbie Hoyt, and John S. Hoyt, the State of North Dakota, and all persons unknown claiming by, from, through, or under John S. Hoyt, any estate or interest or interest in or lien or encumbrance upon the property as defendants in the action. Following the commencement of this action, Francis J. Kahl interposed an answer. The Hodnys then moved for and were granted summary judgment against Francis J. Kahl.

Richard M. Hoyt, John A. Hoyt, Catherine Sellers, Michaela F. Junge, Eleanor G. Kistler, and Lorraine H. Kelley then petitioned the court for leave to intervene. The court granted the petition to intervene and made the petitioners defendants in the action. The petitioners then answered the summons and complaint of the Hodnys and filed a counterclaim and third-party claim against the Hodnys. On March 26, 1974, the district court granted a default judgment against the original defendants in the action. Richard M. Hoyt, John A. Hoyt, Catherine Sellers, Michaela F. Junge, Eleanor G. Kistler, and Lorraine H. Kelley were excepted from the district court's order of default judgment. That portion of the suit involving the defendants named above is still pending before the district court.

Two appeals have been filed in this action and have been consolidated for argument before this court. Francis J. Kahl has appealed from the summary judgment grant-

ed in favor of the Hodnys by the district court. Richard M. Hoyt, John A. Hoyt, Catherine Sellers, Michaela F. Junge, Eleanor G. Kistler, and Lorraine H. Kelley have appealed from the judgment rendered against Comfort L. Hoyt, Annie S. Hoyt, Abbie Hoyt, John S. Hoyt, the State of North Dakota, and all persons unknown claiming by, from, through, or under John S. Hoyt, with the exception of the appellants themselves.

There are three motions before this court: (1) a motion by the Hodnys to bring the appeal of Francis J. Kahl on for argument; (2) a motion by the Hodnys to dismiss the appeal of Richard M. Hoyt, John A. Hoyt, Catherine Sellers, Michaela F. Junge, Eleanor G. Kistler, and Lorraine H. Kelley, or, (3) in the alternative, a motion to set the appeal for argument.

Rule 54(b) of the North Dakota Rules of Civil Procedure is controlling in the case at bar. This Rule provides:

*"(b) Judgment upon multiple claims or involving multiple parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The appeals before this court today have been taken from two separate judgments, neither of which adjudicates all the claims or the rights and liabilities of all the parties. Further, neither judgment contains the determination and direction of the trial court necessary to create a final judgment pursuant to Rule 54(b), N.D.R.Civ.P. It should also be pointed out that a portion of the original action in this case is still pending in the district court.

In Perdue v. Knudson, 154 N.W.2d 908 (N.D.1967), in paragraph 2 of the syllabus, this court held:

"When multiple claims for relief are involved in an action, the trial court may direct entry of final judgment on one or more, but fewer than all claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Unless such determination is made, any decision which adjudicates fewer than all of the claims shall not terminate the action as to any of the claims. Rule 54(b), N.D.R.Civ.P."

In Berg v. Kremers, 154 N.W.2d 911 (N.D.1967), in paragraph 3 of the syllabus, this court further held:

"When judgment of trial court did not adjudicate defendants' counterclaim and all issues raised by plaintiffs' complaint, and trial court did not make express determination that there was no just reason for delay and expressly direct entry of judgment of one or more but less than all claims, the judgment is not a final judgment but interlocutory and is not appealable."

In the case at bar, we hold that the motion to dismiss Civil Case No. 9036 is granted without prejudice because of the appellants' failure to conform with the requirements of Rule 54(b), N.D.R.Civ.P. The appeal is premature and would result in a piecemeal determination of the issues in this action.

We deny the motion made by the Hodnys to set Civil Case No. 9035 for argument before this court. As stated above, the order for summary judgment does not con-

form to the requirements of Rule 54(b), N.D.R.Civ.P. The judgment, therefore, is not a final judgment, but is interlocutory and is not appealable. Thus, it cannot properly be brought on for argument before this court.

ERICKSTAD, C. J., and JOHNSON, VOGEL and KNUDSON, JJ., concur.

Bismarck, North Dakota  
December 24, 1974.

The Supreme Court of the State of North Dakota convened at 10 a. m., this 24th day of December, 1974.

Present: The Honorable Ralph J. Erickstad, Chief Justice; the Honorable Harvey B. Knudson, the Honorable Wm. L. Paulson, the Honorable Robert Vogel, Associate Justices; Luella Dunn, Clerk.

Now the Court directed the entry of the following order in

File # 9035

Wm. F. Hodny and Doris L. Hodny, Plaintiffs/Appellees

v.

Comfort L. Hoyt, Annie S. Hoyt, and Abbie Hoyt, John S. Hoyt, The State of North Dakota; all persons unknown claiming, by, from, through or under John S. Hoyt, deceased, and all other persons unknown claiming any estate or interest in or lien or encumbrance upon the property described in the complaint, Defendants

and

Francis J. Kahl,      Appellant

File # 9036

Wm. F. Hodny and Doris L. Hodny, Plaintiffs

v.

Comfort L. Hoyt, Annie S. Hoyt, Abbie Hoyt, John S. Hoyt, the State of North Dakota, all persons unknown claiming by, from, through or under John S. Hoyt, and all other persons unknown claiming any estate or interest in or lien or encumbrance upon, the property described in the complaint, Richard M. Hoyt, John A. Hoyt, Catherine Sellers, Michaela F. Junge, Eleanor G. Kistler, Lorraine H. Kelley,      Defendants

and

Richard M. Hoyt, John A. Hoyt, Catherine Sellers, Michaela F. Junge, Eleanor G. Kistler, Lorraine H. Kelley,      Appellants

Grand Lodge of the Knights of Pythias, Domain of North Dakota      Third-Party Defendant/Appellee

Ordered, that the opinion filed in these cases on the 20th day of December, 1974, be amended by the addition of the following language to the last sentence of the opinion:

"and accordingly on our own motion we dismiss the appeal without prejudice."