MELLAND FIRESTONE, INC.,
Plaintiff/Appellee,

v.

Orrin STREICH, Defendant/Appellant,

and

Oakes Community Industrial Development
Corporation, and First James River
National Bank, Defendants.

No. 9079.

Supreme Court of North Dakota.

Jan. 30, 1975.

Vogel, Vogel, Brantner & Kelly, Fargo,
for defendant/appellant.

Ottmar, Nething & Pope, Jamestown, for
plaintiff/appellee.

SAND, Judge.

This case involves a motion made by appellee Melland Firestone, Inc. to dismiss the appeal from the judgment entered in favor of Melland Firestone, Inc. against Streich, the appellant, on the foreclosure of a mechanic's lien for appellant's failure to comply with Rule 10(b), North Dakota Rules of Appellate Procedure.

The basic action consists of a foreclosure of a mechanic's lien by Melland Firestone, Inc. against Streich and a counterclaim by Streich against Melland Firestone, Inc.

The trial court, pursuant to motion made, granted a separate trial for the mechanic's lien and a separate trial for the counterclaim.

Judgment by the trial court was rendered on the mechanic's lien, from which this appeal was taken.

The appellant concedes that he has not complied with the requirements of N.D.R. App.P. 10(b) and that he has done nothing further in pursuance of his appeal since the timely filing of his notice of appeal on August 23, 1974.

The appellant, however, resists the dismissal motion, and in his return to the motion to dismiss states that no further action was taken because the issues raised by the counterclaim remain to be tried, and that he was waiting for the disposition of the counterclaim so that it, if necessary, could also be appealed with the current appeal, as one case.

Both parties agree that the foreclosure of the mechanic's lien and the counterclaim each had its genesis in the same transaction.

Rule 54(b), North Dakota Rules of Civil Procedure, provides as follows:

"Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In Giese v. Engelhardt, 175 N.W.2d 578, 583 (N.D.1970), we said:

"Rule 54(b) of the North Dakota Rules of Civil Procedure forbids an appeal to the Supreme Court where less than all of the claims, of a multiple claim action, have been adjudicated, unless the trial court has, before the taking of the appeal, made an ' * * * express determination that there is no just reason for delay and * * * an express direction for the entry of judgment.' Kack v. Kack, 142 N.W.2d 754, 761 (N.D.1966); see 3 Barron & Holtzoff § 1193. The purpose of the rule is to discourage piecemeal disposal of multiple-claim litigation. Berg v. Kremers, 154 N.W.2d 911, 913 (N.D.1967). Without a determination and direction there is no final judgment. Without a final judgment an appeal may not be taken. Perdue v. Knudson, 154 N.W.2d 908, 911 (N.D.1967)."

The term "claims" as found in N.D. R.Civ.P. 54(b) is used in the general sense so as to include issues. Mitzel v. Schatz, 167 N.W.2d 519 (N.D.1968).

In the instant case, the parties agree and the record reflects that no such determination has been made by the trial court. Accordingly, the attempted appeal, of

which dismissal is sought, is premature. The attempted appeal is therefore dismissed without prejudice.

ERICKSTAD, C. J., and VOGEL, PEDERSON and PAULSON, JJ., concur.