CITY OF WILLISTON, Petitioner,

v.

William M. BEEDE, District Judge in and for the County of Williams, State of North Dakota and the Northwest Judicial District, and George R. Borsheim and Violet O. Borsheim, Respondents.

Civ. No. 9737–A.

Supreme Court of North Dakota.

Feb. 28, 1980.

Chapman & Chapman, Bismarck, and John H. MacMaster, City Atty., Williston, for petitioner; argued by Daniel J. Chapman, Bismarck.

Bjella, Neff, Rathert & Wahl, Williston, for respondents George R. and Violet O. Borsheim; argued by Paul W. Jacobson, Williston.

SAND, Justice.

In an original proceeding the City of Williston petitioned this court to exercise its superintending power and issue a writ to the District Court of Williams County, directing that the stay order dated 2 January 1980 be vacated, and that proceedings be taken to determine the compensation to be paid for the taking of the property.

These proceedings arose out of an eminent domain action wherein the City of Williston sought a fee simple of certain property for use in connection with the expansion of the Williston Airport. The court separately considered the necessity of the taking and concluded that the City of Williston was entitled to take only the surface estate, including sand and gravel, but not the underlying mineral estate (gas, oil, etc.). The City was permitted to amend its complaint accordingly, which it did. Judgment on the necessity of taking was issued and entered.

The trial on the issue of compensation for the taking was set on the 11th ·day of December, 1979, but on 14 November 1979 the landowners, George and Violet Borsheim, appealed the judgment on the necessity of taking to this court and moved for a stay of all proceedings until the appeal has been determined by the Supreme Court. The court, on 2 January 1980, granted the stay. The City of Williston then ·petitioned this court to exercise its original jurisdiction.

Initially, we are faced with two basic issues:

(1) Whether or not this court should exercise its original superintending power and, if so,

(2) Did the district court err in staying the compensation trial until the appeal on the necessity of taking has been heard and decided? This issue indirectly involves the question whether or not the judgment on the necessity of taking is separately appealable, even though we will not resolve it in these proceedings.

On the issue of exercising original jurisdiction, in *Burlington Northern v. N. D. Dist. Court, Etc.*, 264 N.W.2d 453 (N.D. 1978), we noted that on numerous occasions our court stated that its power to issue original and remedial writs, even upon a proper showing, is discretionary, and its power cannot be invoked as a matter of right but will be employed to prevent possible injustice. From this it necessarily follows that the court itself, on a case-by-case basis, will determine whether or not it should exercise its original jurisdiction. *State ex rel. Vogel v. Garaas*, 261 N.W.2d 914 (N.D.1978); *State ex· rel. Foughty v. Friederich*, 108 N.W.2d 681 (N.D.1961); *State ex rel. Lyons v. Guy*, 107 N.W. 2d 211 (N.D.1961). To this we add the observations made by this court in *State ex rel. Olson v. Lynch*, 138 N.W.2d 785 (N. D.1965), wherein the court noted that its superintending control is an extraordinary power which will be exercised on behalf of the litigant only under circumstances that are tantamount to a denial of justice. *Stormon v. District Court of Pierce County*, 76 N.E. 713, 38 N.W.2d

785 (1949). The power of general superintending control over inferior courts was vested in the Supreme Court to assure a corrective remedy where an inferior court refused to act within its jurisdiction or acted injudicially or erroneously within its jurisdiction, or acted beyond its jurisdiction to the serious prejudice of any party, and where there was no adequate remedy for the review. and correction of such erroneous and prejudicial acts. *State v. Broderick*, 75 N.D. 340, 27 N.W.2d 849 (1947).

Article IV, Section 86, of the North Dakota Constitution gives the North Dakota Supreme Court original jurisdiction with authority to hear and determine such original and remedial writs as may be necessary to properly exercise its jurisdiction. In addition, there are several statutory provisions which provide further authorization for supervisory writs, writs of mandamus, and writs of prohibition. Sections 27–02–04, 32–34–01, 32–35–02, NDCC.

We also observe that in *Marmon v. Hodny*, 287 N.W.2d 470 (N.D.1980), and in *Burlington Northern v. N. D. Dist. Court, supra*, we were confronted with the situation that if the writ were not granted something would have been done which probably could not have been undone later. This, of course, is not the situation ·in every instance.

Borsheims argued that they were forced to take an appeal of the court's judgment on the necessity of taking lest it be considered final; that unless an appeal was taken they would be subject to the decision and holding in *Oakes Municipal Airport Auth. v. Wiese*, 265 N.W.2d 697 (N.D.1978). The instant case is readily distinguishable from *Oakes Municipal Airport Authority* wherein the court found there was no necessity of taking, whereas, in the instant case, the court found a necessity of taking. In the *Oakes* case, if no appeal had been taken, it would have been the end of the case and litigation, whereas in the instant case the question of damages still needs to be resolved. Consequently, the *Oakes* case cannot be used as any authority to support the action taken in the present case, including the appeal of necessity of taking and

staying the trial on damages. The Borsheims also argued that if the necessity or quantum in taking is reversed on appeal, then the trial for damages would be of no value and, if a trial for damages had been held, it would have to be set aside. However, if the appeal on quantum and necessity can be prosecuted separately, and if the court were not to reverse the taking, and if the Borsheims were displeased with the damages obtained and appealed from that judgment, there would be two appeals arising out of the same case, whereas if the appeal were withheld until the case is completed, there would be one appeal with possibly two decisions.

In *State v. Teigen*, 80 N.W.2d 110 (N.D. 1956), the court, on page 113, referred to § 32–15–13, NDCC, and observed that this section, when considered in connection with other provisions for acceleration of the determination of the issues in eminent domain actions, clearly made it a duty of the court to proceed with the assessment of damages as rapidly as the procedure provided for will permit and that the court had no power to stay such proceedings pending the final determination of other issues. The provisions of § 32–15–13, NDCC, have not been changed and we agree with the construction and interpretation placed upon it by the *Teigen* opinion. The court also observed that it would not pass upon the correctness of the procedure followed by the parties and the court in entering a separate judgment determining the question of necessity, nor did it pass upon the defendant's right to appeal from such judgment. See Nichols on Eminent Domain, 3d Ed., § 26.32.[1]

The *Teigen* decision was decided prior to the adoption by the State of North Dakota of the Civil Rules of Procedure, which were adopted and promulgated by the Supreme Court on 28 June 1971, and before Rule 54(b)[2] became operative. The court in *Teigen* expressed reservations on the ability to appeal the separate judgment on the necessity of taking without first completing the trial on compensation or damages. We are confident that with the adoption of Rule 54(b), the appealability issue has become considerably more doubtful. The *Teigen* court did not pass upon the defendant's right to appeal from the judgment on the necessity of the taking because the question was not directly before it. Neither do we now pass upon Borsheim's right of appeal on the necessity of taking in this case. This is a matter which will not be fully considered until that appeal will be before the court on its own merits. In view of the conclusions we reach in this case, Borsheims may, on their own initiative, with agreement of their adversary, continue further proceedings on the appeal until the resolution of damages has been accomplished and a judgment has been entered on the compensation issue.

1. Section 26.32, Nichols on Eminent Domain, 3d Ed., recognizes the difference in a situation where the court denied the right of eminent domain, as distinguished from the situation where the court determined that eminent domain was proper but held everything in abeyance until the damages were determined. There are, however, exceptions when the public interest requires it, that is when the economic loss to the public by compelling the appellate courts to waste their time over points of law which may never be necessary to a final decision of the litigated case is less than that which will be caused by compelling trial courts and the party litigants to waste their time over the trial of issues of fact which may be rendered moot by an adverse decision of the appellate court on the points of public law.

2. "(b) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." See also, *Melland Firestone, Inc. v. Streich*, 226 N.W.2d 141 (N.D.1975); *Hodny v. Hoyt*, 224 N.W.2d 826 (N.D.1974).

■ Based on the foregoing reasons and on the authority stated earlier herein, we conclude that this court should exercise its original jurisdiction to, amongst other things, prevent unwarranted, complicated and bifurcated appeals to this court which do not promote the ends of justice. If condemnation proceedings in this state increase, which is a strong probability, and if each proceeding were to be bifurcated and appealed separately on the issues of necessity of taking and damages, our court, under the present structure, would not be able to cope with the situation. A separate appeal from a judgment in favor of the necessity of taking will have to rest on sound, convincing principles of economics and justice, and unless a clear and convincing set of facts supporting the appeal can be presented and the proper procedure has been followed, it is unlikely that such appeals will be sustained or looked upon with favor. We believe the court in *Teigen* correctly stated the law on the subject, which has not changed but has been made more certain.

■ In reviewing the provisions of § 32–15–13, we are compelled to conclude, in accordance with the conclusion in *State v. Teigen*, that the trial court erroneously stayed the damage proceedings. We are convinced that the statute requires the court to proceed rapidly and to finally determine the issue of damages, and that whenever a jury is necessary to assess the damages, the court will, without delay, proceed to summon the required number of jurors to be drawn. The admonition that this shall not be less than eight days from the date thereof leaves little doubt that this shall be done promptly and that a stay order would be out of order.

The petition is granted, and the trial court is directed to vacate the stay order dated 2 January 1980 and to proceed forthwith in accordance with appropriate statutory procedures and provisions to determine the question of compensation and damages.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.