Curtis G. STRIEGEL and Maurine T. Striegel, Plaintiffs and Appellees,

v.

DAKOTA HILLS, INC., Moore Engineering Company, Moore Engineering, Inc., Donald Gartner and Kathy Gartner, First National Bank and Trust Co., Dakota Northwestern Bank National Association, Kenneth O. Leonard, R.L. Kilzer, P.C. Pension & Profit Sharing Plan, and Ralph L. Kilzer, individually, Defendants,

Hillside Trust, Lovella Biby, Trustee of the Hillside Trust, and Gerald D. Biby, Defendants and Appellants.

Civ. No. 10504.

Supreme Court of North Dakota.

Feb. 7, 1984.

Tschider & Smith, Bismarck, for plaintiffs and appellees; argued by Sean O. Smith, Bismarck.

Thomas M. Disselhorst, Bismarck, for defendants and appellants; argued by Thomas M. Disselhorst, Bismarck.

PEDERSON, Justice.

This is an appeal from a partial summary judgment of the District Court of Burleigh County, dated July 5, 1983, canceling a contract for deed. We dismiss the appeal without prejudice.

During January 1979, the Striegels entered a contract for deed to sell a campground property to Gerald Biby. During March 1982, the Striegels brought this action requesting the district court to cancel the contract for deed asserting that Gerald had defaulted under the contract in various ways. Hillside Trust was subsequently joined by the Striegels as a party defendant because Gerald asserted that he had assigned all of his interest in the contract for deed to Hillside Trust, and for purposes of this opinion we will refer to Hillside Trust as the appellant in this case. Hillside Trust counterclaimed against the Striegels asserting, among other things, fraud and misrepresentation by the Striegels, and requested the alternative remedies of damages, contract rescission, and contract reformation.

The Striegels requested and were granted a partial summary judgment canceling the contract for deed, but Hillside Trust's counterclaims remain unresolved. The district court's order for partial judgment did not contain a Rule 54(b), NDRCivP, determination that no reason for delay existed for entry of judgment.

■ In the absence of a Rule 54(b) determination, a decision of the district court, however designated, which fails to adjudicate all claims of all the parties cannot be entered as a final appealable judgment. *Minch v. City of Fargo*, 297 N.W.2d 785 (N.D.1980), *cert. denied,* —— U.S. ——, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *Melland Firestone, Inc. v. Streich*, 226 N.W.2d 141 (N.D.1975). The purpose of this rule is to avoid piecemeal litigation. *Melland Firestone, supra.*

In *Melland, supra,* this Court dismissed an appeal where the district court had rendered a partial judgment, without a Rule 54(b) statement, which did not adjudicate the defendant's counterclaim. In dismissing the appeal, we stated at paragraph 2 of the syllabus:

"2. When judgment of trial court did not adjudicate defendant's counterclaim and trial court did not make express determination that there was no just reason for delay and expressly direct entry of judgment of one or more but less than all claims, the judgment is not a final judgment but interlocutory and is not appealable."

In *Hennebry v. Hoy*, 343 N.W.2d 87 (N.D.1983), this Court dismissed an appeal from a summary judgment which had dismissed the plaintiffs' claim against one of the defendants leaving the claim against the second defendant pending in court. In dismissing the appeal, Chief Justice Erickstad, writing for a unanimous Court, wrote in relevant part:

"It is the duty of this Court to dismiss an appeal on our own motion if we conclude that the attempted appeal fails to grant jurisdiction.

\* \* \* \* \* \*

"In the absence of a Rule 54(b), N.D.R. Civ.P., determination, a decision of the district court, however designated, which fails to adjudicate all claims of all the parties is an interlocutory and nonappealable decision.

\* \* \* \* \* \*

"The summary judgment dismissing Hoy as a defendant in this case did not constitute an adjudication of Hennebry's claim against Judge Cooke who remains a party defendant and as to whom the case is still pending. The district court did not make the requisite determination that there is not just reason for delay. Therefore, Hennebry's appeal must be dismissed."

▅▅▅ When a court enters a decision which does not dispose of all claims against all parties in the case, this Court will presume, in the absence of an express Rule 54(b) statement, that the court intended the decision to remain subject to revision at any time before a final adjudication of the entire case and that the decision not be immediately appealable.[1] In this case, the partial summary judgment, which did not adjudicate the defendants' counterclaims and which did not contain a Rule 54(b)

statement, is not a final judgment and is not appealable.

The Striegels have raised various questions regarding the relationship between Section 28–27–02, NDCC, which provides statutory authority to appeal from certain court orders, and the requirements of Rule 54(b). However, the appeal by Hillside Trust is from a partial summary judgment, not an order of the district court, therefore Section 28–27–02, NDCC, does not apply, but Rule 54(b) does.

▅▅▅ We understand that there has been an execution on the partial summary judgment placing the campground property into the Striegels' possession. Because the judgment was not final, it was improper to execute on it. The trial court should, therefore, take whatever steps are necessary to place the parties in the same position they were prior to the improper execution.

In accordance with this opinion, we dismiss the appeal without prejudice.

ERICKSTAD, C.J., GIERKE and SAND, JJ., and WILLIAM A. NEUMANN, District Judge, concur.

NEUMANN, District Judge, sitting in place of VANDE WALLE, J., disqualified.

---

1. Even though a Rule 54(b) statement may be made, if appropriate severance of parties or claims is not made, this Court may choose to remand the case to the trial court for determination of all remaining issues under Rule 35(b), NDRAppP.