**Robert Lynn RIPPLEY, Plaintiff, Appellee, and Cross-Appellant,**

v.

**Doug SANDE, Steve Oser, Drug Enforcement Unit of the North Dakota Attorney General's Office and the State of North Dakota, Defendants, Appellants, and Cross-Appellees.**

**Civ. Nos. 10477, 10490.**

Supreme Court of North Dakota.

Feb. 23, 1984.

Terry L. Adkins, Asst. Atty. Gen., Bismarck, for defendants, appellants, and cross-appellees.

Ralph A. Vinje, Bismarck, for plaintiff, appellee, and cross-appellant.

GIERKE, Justice.

These appeals are from a judgment of the District Court of Burleigh County entered in favor of the plaintiff, Robert Lynn Rippley. We dismiss the appeals.

The defendants, Doug Sande and Steve Oser, are agents of the Drug Enforcement Unit of the North Dakota Attorney General's Office. On November 29, 1980, Oser applied to the Burleigh County Court for a warrant to search the trailer home belonging to the plaintiff. The warrant issued by the county judge authorized a search for $2,400 in $100 bills and for controlled substances. In executing the warrant, the defendants requested and received the assistance of a team of officers from the Burleigh County Sheriff's Department and the Bismarck Police Department. Included among those officers was Lieutenant Gerald Hoirup, who was also denominated as a

defendant in this action.[1] During the execution of the search warrant, a number of items not set forth in the warrant were seized, including a sizeable collection of firearms and some $1 and $2 bills. These items were subsequently returned to Rippley.

As a result of these allegedly unauthorized seizures, Rippley instituted a civil action for damages on March 18, 1981. His complaint set forth two claims for relief. The first claim is a common-law cause of action for conversion. The second asserted claim was for a violation of civil rights actionable under 42 U.S.C. § 1983. The particular violations complained of were the deprivation of his property without due process of law and conducting an illegal search without benefit of a proper warrant.[2]

The action was eventually tried to the court on February 9, 1983. Following the taking of testimony, the trial court issued its decision in favor of Rippley. On April 13, 1983, the trial court entered its findings of fact, conclusions of law, and order for judgment. Paragraph 4 of the conclusions of law states that:

"4. The actions of the defendants Steve Oser and Doug Sande deprived the plaintiff of his property without due process of law."

No mention is made of Rippley's conversion claim in the court's conclusions of law.[3] There is likewise no mention of Rippley's Fourth Amendment claim of illegal search.

Judgment was entered on April 27, 1983. Nominal damages in the amount of $25, plus attorney fees of $10, were awarded. The court also awarded interest on the judgment at the rate of 12 percent from the date of entry of judgment until satisfaction. The defendants filed a notice of appeal on June 22, 1983. The plaintiff cross-appealed on July 5, 1983. On October 17, 1983, the plaintiff's attorney executed a satisfaction of the judgment.[4] Oral argument was had the following day—October 18, 1983. The satisfaction was filed with the Burleigh County Court on November 3, 1983.

We will not discuss the issues raised by the parties to this appeal nor the possible effect of the entry of satisfaction of judgment on the appealability of those issues because we have determined that the judgment entered in this case is not a final judgment and is, therefore, not appealable. *See Striegel v. Dakota Hills, Inc.*, 343 N.W.2d 785 (N.D.1984); *Melland Firestone, Inc., v. Streich*, 226 N.W.2d 141 (N.D.1975); *Giese v. Engelhardt*, 175 N.W.2d 578 (N.D.1970).

In the absence of a Rule 54(b) determination[5] or express statutory au-

---

1. The original defendants in this action were Doug Sande, Steve Oser, Gerald Hoirup, the City of Bismarck, the Drug Enforcement Unit of the North Dakota Attorney General's Office, and the State of North Dakota. Hoirup and the City of Bismarck were dismissed on motion of the plaintiff; and the Drug Enforcement Unit and the State of North Dakota were dismissed on motion of the defendants.

2. The affidavit supporting the warrant was subsequently determined to be deficient and all evidence seized, including controlled substances and $100 bills, was suppressed.

3. In his oral opinion from the bench, the trial judge stated as follows:

"So I find that those acts were outside the authority and they were a temporary—in viewing the complaint I find those to be a conversion of the goods and property of Mr. Rippley. I am not ruling on the issue of whether his civil rights were violated. I find that to be a conversion."

The memorandum opinion, however, cannot be employed to impeach the formal findings of fact, conclusions of law, and order for judgment.

4. In the process of determining the possible effect of the release to Hoirup and the City of Bismarck, the clerk of the district court of Burleigh County certified the satisfaction of judgment to this court.

5. Rule 54(b) of the North Dakota Rules of Civil Procedure states that:

"(b). *Judgment upon Multiple Claims or Involving Multiple Parties.* If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer

thorization,[6] a decision of the district court, however designated, which fails to adjudicate all claims of all the parties, cannot be entered as a final appealable judgment. *Striegel v. Dakota Hills, Inc., supra; Minch v. City of Fargo,* 297 N.W.2d 785 (N.D.1980), *cert. den.,* —— U.S. ——, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *Melland Firestone, Inc. v. Streich, supra.* It is apparent from the record of this case that all claims brought by Rippley have not been finally adjudicated.

For the reasons stated above, the appeals are dismissed without prejudice.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

> than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
>
> **6.** Section 28–27–02 of the North Dakota Century Code provides:
>
> "*28–27–02. What orders reviewable.* The following orders when made by the court may be carried to the supreme court:
>
> "1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;
>
> "2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;
>
> "3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–22–04, or which sets aside or dismisses a writ of attachment for irregularity;
>
> "4. An order which grants or refuses a new trial or which sustains a demurrer;
>
> "5. An order which involves the merits of an action or some part thereof;
>
> "6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or
>
> "7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."