**WELLS COUNTY WATER RESOURCE DISTRICT, Plaintiff and Appellee,**

v.

**Malvin SOLBERG, Delores Larson, Verna and LaVerne Johnson, and John A. Rogness, Defendants and Appellants.**

Civ. No. 880275.

Supreme Court of North Dakota.

Jan. 16, 1989.

Michael A. Dwyer (argued), Bismarck, for plaintiff and appellee.

Chapman & Chapman, Bismarck, for defendants and appellants; argued by Daniel J. Chapman.

MESCHKE, Justice.

We hold that an order upholding the public necessity of taking flowage ease-

ments in a condemnation suit is not final and, therefore, not appealable without NDRCivP 54(b) action by the trial court. Accordingly, we dismiss this appeal.

Since 1979, the Wells County Water Resource District has been developing the Heimdal Drain Project. In *Larson v. Wells County Water Resource Board*, 385 N.W.2d 480 (N.D.1986), we affirmed the decision of the District's Board approving a drain permit for the Project. Later, we held that the District could not use the "quick take" provisions of the North Dakota Constitution to acquire flowage easements for the Project. *Johnson v. Wells County Water Resources Board*, 410 N.W. 2d 525 (N.D.1987).

After *Johnson*, the District sued to condemn construction and flowage easements for the Project. The landowners denied that the taking was authorized by law or necessary for public use under NDCC 32–15–05. Landowners sought a hearing on those issues. The trial court refused a hearing and ruled that "the public benefit and necessity has previously been established by the actions of the Wells County Water Resource District in the holding of public hearings in its ultimate decision" which were upheld upon judicial review in *Larson v. Wells County Water Resource Board, supra*. The trial court concluded this "constitute[d] the judicial determination required . . . and sustain[ed] the public benefit and necessity of the flowage easements."

Before the trial on compensation took place, the landowners appealed. They argued that they should have a separate evidentiary hearing by the trial court on the public need for the proposed easements, without considering prior judicial approval of the Project.

Before oral argument, the landowners moved to remand for consideration of the effect of "Federal Swampbuster legislation whereby this project was denied exemption from the provisions of 7 CFR Part 12, Sec. 12.6." The District resisted the remand, arguing "further delay in the litigation process . . . should not be permitted."

The District told us that it "has not resisted this appeal in order for landowners to have full opportunity for justice, and to avoid any further delay in this already long-delayed project." Without citing any relevant precedent, counsel for the landowners responded: "[I]t is not clear whether an Order denying the hearing is an appealable order or if it is an interlocutory order that should, properly, be part of any future appeal from the judgment that may be taken."

Even when the parties have not questioned the appealability of a matter, on our own initiative we have often dismissed an appeal when it was not ready for review. *See Regstad v. Steffes*, 433 N.W.2d 202 (N.D.1988); *Gillmore v. Morelli*, 425 N.W. 2d 369 (N.D.1988) and cases cited therein. Although North Dakota has not had a set statutory standard of finality for appellate review, we have had a long tradition "that no appeal lies from a judgment that is interlocutory and not final. E.g., *Anderson v. Bothum*, 77 N.D. 678, 45 N.W.2d 488 (N.D.1950)." *Regstad v. Steffes*, 433 N.W.2d at 203. Today the final judgment doctrine is fixed in NDRCivP 54(b). *Matter of Estate of Stuckle*, 427 N.W.2d 96, 101 (N.D.1988) (Meschke, Justice concurring).

▬ Where there are claims waiting to be decided by the trial court, and there has been no Rule 54(b) action by the trial court, an appeal will not normally be considered for jurisdictional reasons. *Sargent County Bank v. Wentworth*, 434 N.W.2d 562 (N.D.1989); *Regstad v. Steffes, supra; Matter of Estate of Stuckle, supra; Gast Construction Co. v. Brighton Partnership*, 422 N.W.2d 389 (N.D.1988). "It is apparent from the wording of the rule that, in the absence of the express determination that there is no just reason for delay and an express direction for the entry of judgment, there is no final judgment." *Regstad v. Steffes*, 433 N.W.2d at 203. Since there were undecided issues of compensation in this case, and there was no Rule 54(b) action by the trial court, this order

about public necessity was not final and was not appealable.

Our decision today is not merely an adult response of our maturing doctrine of finality. Nearly a decade ago, in another case which also involved counsel for these landowners, this court was asked to use its superintending power to lift a trial court's stay of a trial on compensation for a taking, after those landowners appealed an unfavorable trial court ruling on the public necessity of the taking. *City of Williston v. Beede*, 289 N.W.2d 235 (N.D.1980). This court granted the supervisory writ, vacated the stay, and directed the trial court "to proceed forthwith" to determine compensation. In doing so, we warned:

"[T]his court should exercise its original jurisdiction to, amongst other things, prevent unwarranted, complicated and bifurcated appeals to this court which do not promote the ends of justice.... [I]f each [condemnation] proceeding were to be bifurcated and appealed separately on the issues of necessity of taking and damages, our court, under the present structure, would not be able to cope with the situation." *Id.* at 238.

Speaking for this court, Justice Sand also predicted that "it is unlikely that such appeals [from a judgment in favor of the necessity of taking] will be sustained or looked upon with favor." *Id.*

Justice Sand was right. Within the year, this court held that a partial summary judgment, which narrowed issues in an inverse condemnation or "taking" case, was interlocutory and not appealable, even where counsel stipulated "that the absence of a Rule 54(b) order was waived." *Minch v. City of Fargo*, 297 N.W.2d 785 (N.D. 1980). In 1982, in a suit to take easements for power lines, we made it clear that appeals from interlocutory orders are exceptions not lightly granted. *Otter Tail Power Co. v. Demchuk*, 314 N.W.2d 298 (N.D. 1982). In that case, appeals were taken from interlocutory orders determining public necessity without Rule 54(b) action. We dismissed those appeals because, without Rule 54(b) action, a trial court's interlocutory orders about public necessity can be revised at any time before a final judgment. In doing so, we said:

"Although interlocutory orders which involve the merits of an action have been separately appealable since territorial days [citation omitted] ... [c]onsidering the growth in the caseload confronting this court, it should be obvious that a final judgment should be required, except in the most unusual and extraordinary circumstances." 314 N.W.2d at 301.

In the words of NDRCivP 54(b), "any order ... which adjudicates fewer than all of the claims ... does not terminate the action as to any of the claims or parties, and ... is subject to revision at any time before the entry of judgment adjudicating all the claims." Therefore, this trial court's order about public necessity was interlocutory, not final, and, therefore, not appealable. As we have often pointed out, an interlocutory order is always reviewable on appeal from the final judgment. *See,* for example, *Spence v. North Dakota District Court*, 292 N.W.2d 53 (N.D.1980) and *Sargent County Bank v. Wentworth*, 434 N.W.2d 562 (N.D.1989).

We dismiss the appeal. On remand, of course, the trial court is free to consider the effect of Federal Swampbuster legislation, if any. Further, as Rule 54(b) makes clear, the trial court may revise or extend its order about public benefit and necessity as may be suitable. The trial court is also free to hold any further evidentiary hearings on those subjects that any party requests.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and GIERKE, JJ., concur.