**Efthimi THOMAS, Plaintiff-Appellee,**

v.

**MUTUAL BENEFIT HEALTH AND AC-CIDENT ASSOCIATION, Defend-ant-Appellant.**

No. 177, Docket 23288.

United States Court of Appeals, Second Circuit.

Argued Feb. 11, 1955.

Decided Feb. 28, 1955.

Alvin M. Stein, New York City (Gallop, Climenko & Gould, New York City, on the brief), for plaintiff-appellee.

Albert Hirst, New York City, for defendant-appellant.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and SMITH, District Judge.

PER CURIAM.

We agree with Judge Dawson's reading of the insurance contract. D.C.S.D. N.Y., 123 F.Supp. 167. Defendant belatedly suggests the existence of an issue of fact concerning plaintiff's denial of further insurance covering this loss

other than that which she particularized in her affidavit. But the plaintiff's affidavit to the point is clear and precise. And the defendant, who for a year thereafter had opportunity through pre-trial examination of the plaintiff and of others to develop contradictory facts, if such existed, asserts nothing beyond unsubstantiated doubt as to the accuracy of the plaintiff's affidavit. Not thus easily may a litigant avoid the uses of summary judgment "to pierce the allegations of fact in the pleadings" to reach the essential core of truth. Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469, 472; Willingham v. Eastern Airlines, 2 Cir., 199 F.2d 623, 624; United States v. Wissahickon Tool Works, 2 Cir., 200 F.2d 936, 943; Marion County Co-op. Ass'n v. Carnation Co., 8 Cir., 214 F.2d 557, 562; Appolonio v. Baxter, 6 Cir., 217 F.2d 267, 270; Byrnes v. Mutual Life Ins. Co. of N. Y., 9 Cir., 217 F.2d 497, 500; Lawson v. American Motorists Ins. Corp., 5 Cir., 217 F.2d 724, 727.

Affirmed.