**COMBINED BRONX AMUSE-
MENTS, Inc.**

v.

**WARNER BROS. PICTURES, Inc.**

United States District Court
S. D. New York.

March 21, 1955.

Gorfinkel & Adler, Yonkins, N. Y., for plaintiffs.

Louis Phillips, New York City, for Paramount.

Schwartz & Frohlich, New York City, for Columbia.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for 20th Century.

Phillips, Nizer, Benjamin & Krim, New York City, for United Artists.

R. W. Perkins, New York City, for Warner Bros.

O'Brien, Driscoll & Raftery, New York City, for RKO Keith Orpheum.

J. Miller Walker, New York City, for RKO Radio Pictures.

Benjamin Meliniker, New York City, for Loews, Inc.

RYAN, District Judge.

Defendants move under Rule 56, Fed. Rules Civ.Proc., for partial summary judgment dismissing the claims of plaintiff Combined Bronx which accrued prior to June 16, 1949, the effective date specified in certain mutual releases made between Combined Bronx and certain of the defendants on October 6, 1949.

█ Execution and delivery of the releases is not in dispute. By the terms of the instruments each of the parties did "mutually discharge each other" and "the respective subsidiary, parent and affiliated companies of the Distributor:" "from any and all claims, demands, controversies, etc. * * * whether or not now, or hereafter known, suspected or claimed, which against each other and said other persons and companies the respective parties ever had, now have, or their respective successors can, shall or may have or allege by reason of any act, cause, matter or thing whatsoever in connection with the above named theatres and with any other motion picture theatre or theatres now or heretofore operated by the Exhibitor, at any time. * * *" The releases are in terms clear and unambiguous; oral testimony is neither necessary nor admissible when construing them.

The complaint alleges that defendants jointly conspired in violation of the anti-trust laws to plaintiff's injury and damage.

 The releases given to several of the alleged conspirators operated to discharge all of the defendants herein, inasmuch as their liability is joint. Stella v. Kaiser, 2 Cir., 1954, 218 F.2d 64, 68, concurring opinion; cf. Milks v. McIver, 1934, 264 N.Y. 267, 190 N.E. 487; Rector, Church Wardens, etc., of St. James Church, etc., v. City of New York, 2 Dept. 1941, 261 App.Div. 614, 26 N.Y.S.2d 762. No factors are here present to cause to limit the doctrine that a release of one jointly liable releases all so liable.

Plaintiff now alleges by affidavit that the releases relied upon by the defendants were signed under duress. It appears uncontradicted that in the negotiations leading to the execution of the releases, plaintiff was represented by competent counsel and that the parties dealt at arm's length. It also appears that there was no refusal to license and that during the settlement negotiations a continuous series of license agreements were made. No detailed affidavit supports the claim made in the memorandum submitted on this motion that at any time was a threat made to refuse film licenses. The amended answer pleads the releases as the "Fifth Defense"; the reply admits the execution of the release and does not deny its delivery or allege duress. Compare Duffy Theatres, Inc., v. Griffith Consol. Theatres, Inc., 10 Cir., 1953, 208 F.2d 316.

There is no genuine issue of fact presented as to validity of the releases pleaded in bar. Cf. Thomas v. Mutual Benefit Health & Accident Ass'n, 2 Cir., 220 F.2d 17.

I feel that the granting of this motion should be accompanied with a direction for the entry of an immediate final judgment as prayed for, since there is no just reason for delay, Rule 54(b); the entry of immediate final judgment will eliminate much unnecessary evidence, confine the issues, shorten the trial, save much expense to the litigants in connection with the preparation for trial and contribute considerably to expediting the work of the court.

Settle order and proposed judgment.