The CITY OF MINOT, a municipal corporation and political subdivision of the State of North Dakota; and the State of North Dakota ex rel. Carroll Erickson, Plaintiffs and Appellees,

v.

CENTRAL AVENUE NEWS, INC., a foreign corporation and Donald G. Gittelson, Defendants and Appellants.

Civ. No. 10203.

Supreme Court of North Dakota.

Oct. 20, 1982.

Eaton, Van de Streek & Ward, Minot, for plaintiffs and appellees; argued by Nevin Van de Streek, Minot.

Timothy J. Austin, Mandan and Arthur M. Schwartz, Denver, Colo., argued, for defendants and appellants.

PEDERSON, Justice.

This case, in addition to all other things that it may stand for, illustrates at least some of the evils that flow from thoughtless bifurcation or trifurcation of actions. Central is here for the second time, opposing Minot's efforts to regulate adult bookstore operations. Even though it might have been contended when this case was previously here that the matter was not ripe for a final determination, we nevertheless answered Central's constitutional law questions before remanding for further disposition in the trial court. *City of Minot v. Central Ave. News, Inc.*, 308 N.W.2d 851 (N.D.1981), *appeal dismissed,* —— U.S. ——, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981).

Central's questions on this appeal are:

"I. Whether NDCC § 40–05–17 contains the definition of adult bookstores," and

"II. Whether a contempt citation is proper when it is founded upon an order too vague to be understood."

A statement of the issues presented for review is required of the appellant by Rule 28(a)(2), NDRAppP. In its brief, as authorized by Rule 28(b), NDRAppP, Minot noted dissatisfaction with the statement of the appellant. First, however, arguing that the appeal should be dismissed because all issues have still not been decided by the trial court and no Rule 54(b), NDRCivP, certification was made, Minot then states that the issues are:

1. "Was the district court correct in entering a declaratory judgment construing the words 'substantial and significant' to mean no more than 5%?", and

but in fact would be reduced if he returned to employment of a sedentary nature.

2. "Did the trial judge abuse its discretion in holding that the corporate defendant was in contempt of court for failing to make more than a token effort to comply with the judgment of the court dated October 3, 1980?"

Central's only response to the argument relating to the Rule 54(b) deficiency is that out-of-state counsel, acknowledging unfamiliarity with applicable rules, inquired of the trial court as to the matter and was told that the orders are "final and appealable." We find that incredible position to be entirely inadequate and unworthy of consideration.

■ We conclude that Minot is correct in its argument that this appeal should be dismissed. All claims have not been adjudicated between Central and Minot. Those that remain undetermined may be less significant than others and may, in fact, be collateral in nature.[1] Nevertheless, Rule 54(b) demands disposition of all the claims and all the rights and all the liabilities of all the parties. Under the circumstances, we dismiss the appeal. We were not urged to proceed pursuant to Rule 35(b), NDRAppP, by retaining jurisdiction while remanding for trial court disposition of all pending matters.

There may be circumstances where the ends of justice require bifurcation of actions by Rule 54(b) certification. The process then likely warrants consideration of severance of parties or claims under Rule 21, NDRCivP, to permit simultaneous proceedings. See, e.g., Minch v. City of Fargo, 297 N.W.2d 785 (N.D.1980).

Even though we dismiss this appeal, because of the briefing and research that has been done, judicial economy indicates that we should make some additional comments. We will start with a comment on the matter of "issues presented for review." Lawyers engaged in appellate practice should examine the explanatory note to Rule 28, NDRAppP, which states in part:

"With the elimination of the assignment of errors, the correct statement of the legal issues is doubly important. Each legal issue should be stated as a question of law sufficiently specific to allow the court to understand the precise issue presented. Generalized statements such as, 'Is the verdict supported by the evidence?' are not sufficient."

The two remote questions posed by Central provide this court with no understanding of the controlling issues in this case. If we were to agree with Central on both questions that (1) of course, there is a definition of adult bookstore in § 40–05–17, NDCC, and (2) of course, the failure to comply with an order too vague to understand should not result in a finding of contempt, it would settle nothing.

■ Minot would prefer that this court consider two other interesting questions that have some remote relationship to this case. Although the proceedings here were not pursuant to the declaratory judgments statute (Chapter 32–23, NDCC) and Rule 57, NDRCivP, courts may, in appropriate circumstances, determine justiciable controversies in advance of any invasion of rights. Courts are not, however, authorized to give advisory opinions or determine abstract questions. See, e.g., West Fargo Public Sch. Dist. v. West Fargo Ed., 259 N.W.2d 612, 617 (N.D.1977).

The record in this case indicates that the trial court concluded that Central had a "substantial and significant" quantity of "adult" material in stock, whether Central's preferred definition or Minot's preferred definition was applied. No consideration of further hypothetical questions is warranted.

This was a case tried to the court without a jury. Rule 52(a), NDRCivP, contains no exceptions for bookstore cases. When the final disposition is made in the trial court, each fact issue will be resolved in a specially stated finding of fact, and each law issue will be resolved in a separately stated conclusion of law. If there is a further appeal,

---

1. According to Minot's brief, the undecided issues involve attorney fees for the City and just compensation for Central, if a decision is made

to relocate the bookstore. Other issues may arise. All must be determined.

it should be relatively simple for the appellant to tell us which finding of fact is deemed clearly erroneous, if any, and which conclusion of law is not correct.

The appeal is dismissed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE, SAND and PAULSON, JJ., concur.