EXPLOSIVES SUPPLY COMPANY,
INC., Plaintiff-Appellant,

v.

COLUMBIA NITROGEN
CORPORATION,
Defendant-Appellee.

No. 82–7139

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 8, 1982.

James L. Shores, Jr., Birmingham, Ala., for plaintiff-appellant.

Laurence D. Vinson, Jr., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Appellants, Explosives Supply Company, Inc., et al., appeal the district court's grant of a Rule 54(b) judgment in favor of appellees' counterclaim. Pursuant to the mandate of Rule 54(b),[1] the district court made an express determination that no just reason for delay existed and expressly directed the entry of judgment. Appellants maintain that the trial court abused its discretion in certifying the counterclaim in the absence of stated reasons as to why such a determination was made. We find no merit in such a per se requirement.

In *Rothenberg v. Security Management Company, Inc.,* 617 F.2d 1149 (5th Cir.), *cert. denied,* 449 U.S. 954, 101 S.Ct. 359, 66 L.Ed.2d 218 (1980),[2] the Fifth Circuit held that a district court is not required, in every case, to express its reasons for concluding that there is no just reason for delay. *See In re Yarn Processing Patent Validity Litigation,* 680 F.2d 1338 (11th Cir. 1982). However, the desirability of such a statement of reasons is obvious since such an explanation would assist appellate courts in reviewing district court decisions. *See Curtiss-Wright Corporation v. General Electric Company,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *Rothenberg v. Security Management Company, Inc.* The articulation of reasons need not be in the judgment itself but may appear, as here, from the face of the opinion. In the instant case, the opinion of the lower court clearly shows the separability of the claims such that neither

1. Rule 54(b) of the Federal Rules of Civil Procedure provides in part:

    When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an

express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

2. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as binding precedent all of the decisions that the Former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the same issues nor facts would be before the reviewing court more than once. For these reasons, we hold that the district court acted within its discretion in certifying appellees' counterclaim.

AFFIRMED.