UNION STATE BANK, Plaintiff
and Appellee,

v.

William WOELL, individually and d/b/a Turning Point Manufacturing and Turning Point Manufacturing, Inc., a corporation, Defendants and Appellants,

and

G.L. Ness Agency, Defendant.

Civ. No. 10673.

Supreme Court of North Dakota.

Oct. 30, 1984.

DeMars, Turman & Johnson, Fargo, for plaintiff and appellee; argued by Joseph A. Turman, Fargo.

Ramlo Law Office, Fargo, for defendants and appellants; argued by Robert A. Ramlo, Fargo.

SAND, Justice.

William Woell and Turning Point Manufacturing, Inc. (hereinafter collectively referred to as "Woell"), appeal from a summary judgment entered on 29 February 1984, in favor of Union State Bank. We dismiss the appeal.

Woell has developed a product called a "Supportable" which is a portable table to be used with various power tools. Desiring to mass market his invention, Woell, a long-time customer of Union State Bank, sought financing for the project through the Bank. Woell alleges that the president of the Bank made numerous assurances that long-term financing would be available when needed if the product could be marketed on a national scale.

The Bank did provide financing for development, testing, and preliminary manufacturing of the product. On 4 November 1982, Woell signed a promissory note in the amount of $4,673.49, and on 15 March 1983, Woell executed another promissory note in

the amount of $39,763.65.[1] The notes were secured by security agreements on various machinery and a $100,000 purchase order from Shopsmith, Inc.

On 10 September 1983, Woell held an auction sale and sold some of the machinery pledged as security for the notes.[2] Representatives of the Bank appeared at the auction and demanded that the auctioneer pay over the proceeds to the Bank. The auctioneer instead deposited the proceeds with the district court.

The Bank subsequently served a summons and complaint on Woell, seeking judgment on the notes and payment of the auction proceeds on deposit with the court. Woell filed an answer and counterclaim. The answer was a general denial, and the counterclaim sought damages for the alleged wrongful conduct of the Bank in terminating financing of the project, interfering with the auction sale, and intentionally destroying Woell's business.

The Bank moved for summary judgment, and the court severed the counterclaim and granted summary judgment for the Bank on the notes. The judgment also allowed the Bank to withdraw the funds on deposit with the court, totaling $29,871.41. The order for judgment contains a certification pursuant to Rule 54(b), N.D.R.Civ.P., that there was no just reason for delay of entry of final judgment, and judgment was entered on 29 February 1984.

Woell appealed from the judgment, alleging that material questions of fact exist which preclude summary judgment in this case. We conclude, however, that the Rule 54(b) certification was improvidently granted and we must therefore dismiss the appeal without reaching the merits.

■ We have noted a marked increase in the use of Rule 54(b) certifications, perhaps in response to a line of recent cases in which we have dismissed appeals for lack of proper certification.[3] Those cases, however, were not meant to imply that a Rule 54(b) certification should be routinely granted in every case. Rather, the import of those cases is that this Court will not consider an appeal in a multi-claim or multi-party case which disposes of fewer than all claims against all parties unless the trial court has first independently assessed the case and determined that a Rule 54(b) certification is appropriate.

■ Even if the trial court does make the requisite determination under Rule 54(b), we are not bound by the court's finding that "no just reason for delay exists." We will *sua sponte* review the court's certification to determine if the court has abused its discretion. *Giese v. Engelhardt*, 175 N.W.2d 578, 583 (N.D. 1970); *Mitzel v. Schatz*, 167 N.W.2d 519, 526 (N.D.1968); *see also Sears, Roebuck and Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 901, 100 L.Ed. 1297, 1307 (1956) (discussing Rule 54(b), F.R.Civ.P.). Upon a determination by this Court that the trial court has abused its discretion in certifying under Rule 54(b), we will set aside the certification. At that point, there is no final order or judgment for us to review.

Rule 54(b) was derived from the corresponding federal rule. *See* Rule 54(b), N.D.R.Civ.P., Explanatory Note. We therefore look to the legislative history of the federal rule and interpretive federal caselaw for guidance in construing our Rule. *See, e.g., State v. Manke*, 328 N.W.2d 799, 802 (N.D.1982); *State v. Jenkins*, 326 N.W.2d 67, 69–70 n. 4 (N.D.1982); *Hawkins Chemical, Inc. v. McNea*, 319

---

**1.** It appears that these notes were consolidations of prior loans.

**2.** Woell alleges that other items of personal property, which were not pledged as security for the note, were also sold at the auction. Woell also alleges that he had informed the Bank of the auction and the Bank had agreed not to interfere with the sale.

**3.** *See, e.g., Fee v. Richmond Manufacturing Co.*, 346 N.W.2d 290 (N.D.1984); *Martinson v. Raugutt*, 346 N.W.2d 289 (N.D.1984); *Rippley v. Sande*, 344 N.W.2d 490 (N.D.1984); *Anderson v. State*, 344 N.W.2d 489 (N.D.1984); *Striegel v. Dakota Hills, Inc.*, 343 N.W.2d 785 (N.D.1984); *Hennebry v. Hoy*, 343 N.W.2d 87 (N.D.1983); *City of Minot v. Central Avenue News, Inc.*, 325 N.W.2d 243 (N.D.1982).

N.W.2d 152, 155 (N.D.1982); *State v. Holy Bull,* 238 N.W.2d 52, 55 (N.D.1975).

■ Federal Rule 54(b) was adopted with the intent that it be construed to preserve the long-standing policy in the federal courts against piecemeal appeals. Rule 54(b), F.R.Civ.P., Notes of Advisory Committee on 1946 Amendments; *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1, 11 (1980). This Court has stated that the purpose of our Rule is to discourage piecemeal disposal of multi-claim litigation. *Striegel v. Dakota Hills, Inc.,* 343 N.W.2d 785, 786 (N.D.1984); *Hennebry v. Hoy,* 343 N.W.2d 87, 90 (N.D.1983); *Hawkins Chemical, Inc. v. McNea, supra,* 319 N.W.2d at 156; *Minch v. City of Fargo,* 297 N.W.2d 785, 788 (N.D.1980); *Berg v. Kremers,* 154 N.W.2d 911, 913 (N.D.1967).

■ Rule 54(b) certifications should not be entered routinely or as a courtesy or accommodation to counsel. *Page v. Preisser,* 585 F.2d 336, 339 (8th Cir.1978); *Panichella v. Pennsylvania Railroad Co.,* 252 F.2d 452, 455 (3d Cir.1958), *cert. denied,* 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353 (1960); *see also* Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2659 (1983). The Advisory Committee Notes to the Rule make it clear that use of Rule 54(b) is reserved for the "infrequent harsh case." [4] Rule 54(b), F.R.Civ.P., Notes of Advisory Committee on 1946 Amendments; *see also Jasmin v. Dumas,* 726 F.2d 242, 244 (5th Cir.1984).

■ In considering an application for a 54(b) order, the trial court is to exercise its discretion, "weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present." *Panichella v. Pennsylvania Railroad Co., supra,* 252 F.2d at 455. Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish prejudice or hardship which will result if certification is denied. *See Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 365 (3d Cir.1975). The trial court is to weigh the competing equities involved and take into account judicial administrative interests in making its determination whether or not to certify under the Rule. *Curtiss-Wright Corp. v. General Electric Co., supra,* 446 U.S. at 8, 100 S.Ct. at 1465, 64 L.Ed.2d at 11.

Our review of the trial court's certification in this case is hindered by the fact that the court's order merely recites the language of the Rule [5] without listing specific factors which support the court's decision to certify under the Rule. Numerous federal courts have stated that a proper exercise of the trial court's discretion under Rule 54(b) requires more than mere recital of the language of the Rule, and that the trial court should articulate in writing the reasons supporting its decision. *See, e.g., Hayden v. McDonald,* 719 F.2d 266, 269 (8th Cir.1983); *Explosives Supply Co., Inc. v. Columbia Nitrogen Corp.,* 691 F.2d 486 (11th Cir.1982); *Morrison-Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981); *Bank of Lincolnwood v. Federal Leasing, Inc.,* 622 F.2d 944, 948–949 (7th Cir.1980); *U.S. General, Inc. v. City of Joliet,* 598 F.2d 1050, 1051 n. 1 (1979); *Allis-Chalmers Corp. v. Philadelphia*

---

**4.** We note that the United States Supreme Court, in *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 9–10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1, 12 (1980), stated that the phrase "infrequent harsh case" is not, in isolation, a workable or entirely reliable benchmark for appellate review. The court noted, however, that the phrase was an accurate description of cases qualifying for Rule 54(b) certification. We believe that the language "infrequent harsh case" accurately reflects the stated intent of Rule 54(b) to carry out the policy against piecemeal appeals while affording litigants a remedy in the exceptional case where immediate appellate re-

view would be in the "interest of sound judicial administration." *Curtiss-Wright Corp. v. General Electric Co., supra,* 446 U.S. at 10, 100 S.Ct. at 1466, 64 L.Ed.2d at 12 (*quoting Sears, Roebuck and Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 901, 100 L.Ed. 1297, 1307 (1956)).

**5.** The Order for Summary Judgment contains the following language: ". . . and it further appearing to the court that pursuant to Rule 54(b) of the North Dakota Rules of Civil Procedure that there is no reason for delay of the entry of the final judgment in this matter, . . ."

*Electric Co., supra,* 521 F.2d at 364. There are distinct benefits in requiring such a statement from the trial court:

> "The benefit of such a reasoned statement is not merely that, as stressed in *Gumer [v. Shearson, Hammill & Co., Inc.,* 516 F.2d 283 (2d Cir.1974)], it will aid us in discharging our duty to review the district court's exercise of discretion in issuing the certificate ... but that it will aid the district judge himself. A decisionmaker obliged to give reasons to support his decision may find they do not; 'the opinion will not write.'" *Arlinghaus v. Ritenour,* 543 F.2d 461, 464 (2d Cir.1976). (Citations omitted.)

■ Although we agree that it is the better practice for the trial court to provide a written statement showing the basis of its decision, we will not remand to the trial court for a statement of reasons if we can determine the basis of the court's decision to certify under Rule 54(b) from the record. *See Alcan Aluminum Corp. v. Carlsberg Financial Corp.,* 689 F.2d 815, 817 (9th Cir.1982); *Bank of Lincolnwood v. Federal Leasing, Inc., supra,* 622 F.2d at 949.

■ We find it unnecessary to remand to the district court for a statement of reasons in this case, because the basis of the court's ruling is apparent from the record. In granting the request for a 54(b) order, the court stated:

> "Well, I'm basing my ruling on the following: I have an action in contract. I find that there are no material facts—or the Parole Rule evidence [*sic*] would not allow the introduction of evidence on that issue, anyway. The counterclaim is tortious, completely a different action. The counterclaim, for all practical purposes, could be brought as an individual claim; therefore, I will enter judgment on plaintiff's complaint as to the notes."

It is apparent that the court based its ruling solely on the fact that the main action and the counterclaim were grounded in separate theories, contract and tort respectively, and that the counterclaim could have been brought as a separate action.[6]

■ The mere fact that claims are grounded in separate legal theories and could have been brought separately does not make this the "infrequent harsh case" contemplated by the drafters of the Rule. A widely accepted, although not all-inclusive, list of relevant factors in 54(b) cases has been compiled by the United States Court of Appeals for the Third Circuit:

> "In reviewing 54(b) certifications, other courts have considered the following factors, *inter alia:* (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b)." *Allis-Chalmers Corp. v. Philadelphia Electric Co., supra,* 521 F.2d at 364. (Footnotes omitted.)

■ It is clear that, considering the appropriate factors, certification under Rule 54(b) was improper in this case. The claims raised in the main action and counterclaim arose from the same series of transactions and occurrences, are logically related legally and factually, and are closely intertwined. *See Para-Chem Southern, Inc. v. M. Lowenstein Corp.,* 715 F.2d 128, 133 (4th Cir.1983); *Morrison-Knudsen Co.,*

---

**6.** The counterclaim, which arises from the same transactions and occurrences as the main action and is "logically related" to it, is a compulsory counterclaim under Rule 13(a), N.D.R.Civ.P.

*See Aasen v. Forsberg, Inc.,* 346 N.W.2d 294, 296 (N.D.1984); *Leo Lumber Co. v. Williams,* 191 N.W.2d 573, 574 Syll. ¶ 7 (N.D.1971).

*Inc. v. Archer, supra,* 655 F.2d at 966; *Allis-Chalmers Corp. v. Philadelphia Electric Co., supra,* 521 F.2d at 364–365. It is likely that an appeal will be taken after the unadjudicated counterclaim is decided, which would involve the same factual situation as the present appeal. *Hayden v. McDonald, supra,* 719 F.2d at 270. The presence of the counterclaim also raises the possibility of a set-off against the summary judgment entered in favor of the Bank. *Allis-Chalmers Corp. v. Philadelphia Electric Co., supra,* 521 F.2d at 364.

██ We are also concerned that the outcome on the trial of the counterclaim could affect the trial court's decision on the main action, possibly rendering the issue on this appeal moot. *See Para-Chem Southern, Inc. v. M. Lowenstein Corp., supra,* 715 F.2d at 132–133; *Allis-Chalmers Corp. v. Philadelphia Electric Co., supra,* 521 F.2d at 364. A jury finding of fraud, duress, or coercion in the procurement of the notes in question would cast serious doubts over the validity of the summary judgment in the Bank's favor on the notes. By treating the judgment on the notes as interlocutory, it remains subject to revision by the court at any time before the entry of judgment adjudicating all claims between all parties. *See* Rule 54(b), N.D.R.Civ.P.

There were no unusual or compelling circumstances presented to the court which dictated immediate entry of a separate judgment. *See Morrison-Knudsen Co., Inc. v. Archer, supra,* 655 F.2d at 966; *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 183 (2d Cir.1978). As previously stated, the burden is upon the party requesting 54(b) certification to establish that it will suffer prejudice or hardship if certification is denied. *Allis-Chalmers Corp. v. Philadelphia Electric Co., supra,* 521 F.2d at 365. The Bank failed to meet that burden.

We conclude that certification under Rule 54(b) was inappropriate, and the district court abused its discretion in ordering entry of final judgment. The appeal is dismissed, with directions to the district court to vacate that portion of its 29 February 1984 Order for Summary Judgment which certifies the judgment as final pursuant to Rule 54(b). Each party will bear its own costs on appeal.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and GIERKE, JJ., concur.