Martin J. BUURMAN, Plaintiff,

v.

CENTRAL VALLEY SCHOOL DISTRICT, a political subdivision, Defendant, Third-Party Plaintiff, and Appellant,

v.

Dorothy WAITH, Third-Party Defendant and Appellee.

Civ. No. 10927.

Supreme Court of North Dakota.

July 11, 1985.

David S. Maring (argued) and Leah Fujimoto, of Cahill, Jeffries & Maring, P.A., Moorhead, Minn., for defendant, third-party plaintiff, and appellant.

Kathleen A. Weir, of Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, Minn., for third-party defendant and appellee.

VANDE WALLE, Justice.

Central Valley School District (hereinafter School District) appealed from a summary judgment dismissing the third-party defendant, Dorothy Waith, as a party to the litigation. We dismiss the appeal.

Norma Buurman, the wife of the plaintiff, Martin Buurman, and Dorothy Waith were traveling in a motor vehicle owned by the University of North Dakota. Waith was the driver of the vehicle in which other employees, in addition to Norma, were also traveling. The motor vehicle driven by Waith was involved in an accident with a motor vehicle owned by the School District. Norma was killed and her husband, Martin, brought a wrongful-death action against the School District. The School District filed a third-party complaint against Waith, claiming her negligence was responsible for the death of Norma. Waith answered the third-party complaint and moved for summary judgment alleging that because she and Norma were employees of the University of North Dakota and acting within the scope of their employment, any action against her arising out of the accident was barred by the North Dakota Workmen's Compensation statutes, Title 65–01, N.D. C.C., i.e., the exclusive-remedy provisions of the Workmen's Compensation Act prohibit liability of a co-employee for contribution or indemnity.

The trial court issued an order determining:

> "That there is no genuine issue as to any material fact and that Third-Party Defendant Dorothy Waith is entitled to summary judgment as a matter of law

pursuant to Rule 56 of the North Dakota Rules of Civil Procedure, there being no just reason for delay."

Subsequent to the entry of summary judgment and this appeal therefrom, Martin Buurman moved the trial court for a "separate bench trial of the issues between Plaintiff Martin J. Buurman and Defendant Central Valley School District, a political subdivision, pursuant to Rule 42(b) of the North Dakota Rules of Civil Procedure." The motion alleged that because of Martin's advanced age and state of health, delay could prejudice his case in the event of his death or disability. The motion further alleged that the issues between the School District and Waith did not directly affect him. The trial court ordered that Martin's claim against the School District "be tried separately by the court from the third-party claim of Central Valley School District, a political subdivision, Third-Party Plaintiff vs. Dorothy Waith, Third-Party Defendant," and scheduled the trial of Buurman against the School District for May 21, 1985. This appeal was heard on June 24, 1985, and we were informed at oral argument that at the May 21 trial the School District was found totally responsible for the accident and Waith was found not negligent.

Neither Waith nor the School District has raised the issue of whether or not the summary judgment entered in this case is appealable. This court has, however, on several occasions considered *sua sponte* whether or not a particular order or judgment is appealable. See, e.g., *Federal Land Bank of Saint Paul v. Wallace*, 366 N.W.2d 444 (N.D.1985); *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984). Our concern with this particular appeal is two-fold: (1) whether or not the third-party action was severed from the main action and (2) if it was not severed whether the Rule 54(b), N.D.R.Civ.P., order contained in the order for summary judgment was providently granted.

If a claim against a party is severed, no Rule 54(b) order is required. *Federal Land Bank of Saint Paul v. Wallace,*

*supra.* However, our examination of the record indicates that Buurman's motion for a trial separate from that of the third-party action under Rule 42(b) and the trial court's order granting that motion were exactly that, a motion and an order for separate trial. It was not a motion or an order severing the third-party action pursuant to Rule 21, N.D.R.Civ.P., which provides that any claim against a party may be severed and proceeded with separately. Thus, contrary to *Federal Land Bank of Saint Paul v. Wallace, supra,* we cannot determine that the trial court was acting under Rule 21.

If the third-party claim has not been severed, a Rule 54(b) order expressly stating there is no just reason for delay in directing the entry of final judgment as to one or more but fewer than all of the claims or parties is necessary in order that the particular judgment may be appealed. *Federal Land Bank of Saint Paul v. Wallace, supra; Union State Bank v. Woell, supra; Striegel v. Dakota Hills, Inc.,* 343 N.W.2d 785 (N.D.1984). Here, a Rule 54(b) order was required and was a part of the order granting summary judgment. However, as noted above, that does not end our inquiry.

In *Union State Bank v. Woell, supra,* 357 N.W.2d at 236, we stated:

"Even if the trial court does make the requisite determination under Rule 54(b), we are not bound by the court's finding that 'no just reason for delay exists.' We will *sua sponte* review the court's certification to determine if the court has abused its discretion. [Citations omitted.] Upon a determination by this Court that the trial court has abused its discretion in certifying under Rule 54(b), we will set aside the certification. At that point there is no final order or judgment for us to review."

*Union State Bank,* authored for the court by Justice Sand, contains a thorough and logical discussion of the reasons for Rule 54(b). Those reasons include a long-standing policy of this court against piecemeal appeals. The trial court, in considering an application for a Rule 54(b) order, is

to weigh the policy against piecemeal appeals against whatever exigencies the case at hand may present and the burden is on the proponent to establish prejudice or hardship which will result if certification is denied. Rule 54(b) certifications are not to be entered routinely or as a courtesy or accommodation to counsel. In *Union State Bank* we also stated that it is a better practice for the trial court to provide a written statement showing the basis of its decision and the specific factors which support the court's decision to certify under Rule 54(b). However, if, as in *Union State Bank,* the reasons can be determined from the record, we will not remand for reasons.[1]

 Here, we are aware of the reasons for a separate trial, i.e., Martin Buurman's age and health. However, those same reasons do not necessarily justify a Rule 54(b) order. To the contrary, this appears to us to be the paradigmatic case in which a Rule 54(b) order should not be used. If Waith were found not negligent in causing the death of Norma, there could be no contribution by her to any recovery for Norma's wrongful death under any circumstances. The action brought by Buurman against the School District was tried while this appeal was pending and, as we have noted, we were informed at oral argument Waith was found not negligent. Whether or not the School District will appeal from the judgment entered following that trial is unknown to us at this time. However, it is apparent that if the School District takes an appeal from that judgment, it may raise, in addition to those matters involving that trial, the issue of whether or not Waith is liable for contribution if she is negligent. There is no need to determine in a separate appeal the issue of Waith's legal responsibility for contribution apart from the issue of her factual negligence. To do so violates the underlying

reason for Rule 54(b), i.e., to avoid piecemeal disposal of multi-claim litigation.

We were also informed at oral argument that other actions arising out of this same accident are pending in the courts below and that an answer to the question of Waith's responsibility for contribution should she be found negligent would be helpful to a disposition of those cases. Such an opinion by this court at this time would, however, be nothing more than an advisory opinion which this court has consistently held we are unauthorized to render. See, e.g., *City of Minot v. Central Ave. News, Inc.,* 325 N.W.2d 243 (N.D. 1982).

We conclude the certification under Rule 54(b) was improvidently granted.

The appeal is dismissed. Costs are awarded to neither party.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

1. Our review of the record in this matter indicates it is doubtful that the reasons for a Rule 54(b) order were ever considered by the trial court. If they were, they do not appear of record. The motion for summary judgment does not contain any such reasons. The transcript of the hearing on the motion does not disclose that the matter was ever discussed. The transcript does reveal that the order granting summary judgment was prepared by counsel for Waith at the direction of the trial court and it appears that the terse compliance with Rule 54(b) contained therein was most probably inserted in the proposed order prepared by counsel.