**Marian EMTER, individually and as Guardian ad litem for Shari Ann Emter and Terri Lee Emter, and as Trustee for the North Dakota Workmen's Compensation Bureau, Plaintiff and Appellant,**

v.

**BULK, INC., an Iowa Corporation, Leasco, Inc., a Nebraska Corporation, Herman Brothers, Inc., a Nebraska Corporation, Defendants,**

**Amoco Oil Company, a Maryland Corporation, Defendant and Appellee.**

Civ. No. 870348.

Supreme Court of North Dakota.

May 16, 1988.

Sperry & Erickson, Bismarck, for plaintiff and appellant; argued by Alan C. Erickson.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for defendant and appellee Amoco Oil Co.; argued by Robert V. Bolinske.

ERICKSTAD, Chief Justice.

Marian Emter appeals from the judgment granting defendant Amoco Oil Company's (Amoco) motion for summary judgment against her. We dismiss Emter's appeal and remand for further proceedings.

Anton Emter was hauling approximately 9,000 gallons of petroleum fuel with a tractor-trailer unit when it slid off an exit ramp on Interstate Highway 94. His wife, Marian Emter, individually and as guardian ad litem for her two children and as trustee for the Workers Compensation Bureau commenced this action against: (1) Bulk, Inc., (2) Leasco, Inc., (3) Herman Brothers, Inc., and (4) Amoco. Marian Emter alleged the defendants' negligence caused the death of Anton Emter.

In a hearing not related to this appeal, the North Dakota Public Service Commission made the following finding of fact with respect to the relationship between Bulk, Leasco, and Herman Brothers:

"Bulk, Inc., is a wholly-owned subsidiary of a foreign corporation, Leasco, Inc., which is in the business of leasing non-power trailer equipment. Leasco, Inc. is wholly-owned by another foreign corporation, TransWood, Inc., which is a holding company. TransWood also owns a separate motor carrier named Herman Brothers, Inc., which is also a foreign corporation and has no intrastate authority in North Dakota....

"There are four shareholders of Trans-Wood: Earl D. Wood, Charles S. McAnally, Robert L. Williamson, and Edward Carleton."

Apparently Amoco and Bulk entered into a transportation contract by which Bulk agreed to transport Amoco's refined petroleum products from Minot and Mandan, North Dakota, to other locations within North Dakota. Amoco and Bulk et al. filed motions for summary judgment of dismissal of the complaint.

The district court considered the summary judgment motions of all the defendants at a hearing on August 31, 1987. On September 21, 1987, the district court granted Amoco's motion for summary judgment. On October 20, 1987, the district court reviewed Bulk's motion for summary judgment. The order did not grant or deny Bulk's motion but gave Emter ninety days to obtain an expert witness who could testify about the "engineering probabilities which tie the alleged defects [of the tractor and trailer] to the accident in question." Bulk and Emter stipulated to an additional sixty days.

Emter appealed the district court's judgment granting Amoco's motion for summary judgment. Bulk's motion for summary judgment is still pending before the district court and we granted Bulk's motion to be excused from participating in this appeal.

Rule 54(b) of the North Dakota Rules of Civil Procedure provides:

"*(b) Judgment Upon Multiple Claims or Involving Multiple Parties.* If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The record does not contain an order of the district court expressly determining that there is no just reason for delaying entry of final judgment against Amoco. Rule 54(b), N.D.R.Civ.P., was derived from its federal counterpart. *See* Explanatory Note, Rule 54(b), N.D.R.Civ.P. Federal Rule 54(b) was adopted in furtherance of the federal policy against piecemeal appeals. *Union State Bank v. Woell,* 357 N.W.2d 234, 237 (N.D.1984); *Striegel v. Dakota Hills, Inc.,* 343 N.W.2d 785, 786 (N.D.1984).

In *Union State Bank, supra,* we explained the trial court's role in considering a Rule 54(b) order:

"In considering an application for a 54(b) order, the trial court is to exercise its discretion, 'weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present.' Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish prejudice or hardship which will result if certification is denied. The trial court is to weigh the competing equities involved and take into account judicial administrative interests in making its determination whether or not to certify under the Rule." [Citations omitted.]

We also noted in *Union State Bank* that "[n]umerous federal courts have stated that a proper exercise of the trial court's

discretion under Rule 54(b) requires more than mere recital of the language of the Rule, and that the trial court should articulate in writing the reasons supporting its decision."

Emter did not request a Rule 54(b) certification and the district court has not issued one. We therefore dismiss this appeal and remand this case for further proceedings with the suggestion that the district court consider the possible interrelationships of all of the defendants if it is requested to enter a Rule 54(b), N.D.R. Civ.P., order.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.