Mark JANAVARAS and Katina Janavaras, individually and Mark Janavaras and Katina Janavaras d/b/a Kosmos Department Store, and the National Bank of Harvey, Plaintiffs and Appellants,

v.

NATIONAL FARMERS UNION PROPERTY and Casualty Company, Defendant and Appellee.

Civ. No. 890133.

Supreme Court of North Dakota.

Dec. 20, 1989.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for plaintiffs and appellants; argued by Robert V. Bolinske and Daniel S. Kuntz.

Steven A. Storslee (argued), of Fleck, Mather, Strutz & Mayer, P.C., Bismarck, and David S. Evinger (argued) and Terrence R. Joy (no appearance), of Robins, Kaplan, Miller & Ciresi, Minneapolis, Minn., for defendant and appellee.

LEVINE, Justice.

Mark Janavaras, Katina Janavaras, and the National Bank of Harvey appeal from a partial summary judgment dismissing some of their claims against National Farmers Union Property and Casualty Company ["National"]. We conclude that the trial court improvidently certified the judgment as final pursuant to Rule 54(b), N.D.R. Civ.P., and accordingly we dismiss the appeal.

On July 30, 1986, fire destroyed the Janavarases' department store in Harvey, North Dakota. The building and contents were insured by National. The Bank held a mortgage on the building and had a security interest in the store's inventory.

National denied coverage, asserting that the Janavarases had either deliberately set the fire themselves or had someone else set it, and that the Janavarases had misrepresented their loss history in the insurance application. Pursuant to a loss payable clause in the insurance contract, National paid the Bank the amount of its mortgage interest but refused to pay the Bank for its security interest in the inventory.

The Janavarases and the Bank commenced this action seeking full coverage for the loss and alleging bad faith in denial of claims and in delaying payment to the Bank on its mortgage claim. National answered, asserting that the fire was intentionally set by the Janavarases or someone acting on their behalf, that the Janavarases concealed or misrepresented their true loss history in the application for insurance, that the policy afforded no coverage to the Bank for its security interest in personal property, and that there had been no bad faith in denial of coverage or delay in payment of the Bank's claim. On motions for summary judgment, the trial court dismissed the claims of bad faith relating to National's denial of coverage and determined that the loss payable clause in the policy applied only to real estate mortgages and did not provide coverage for the Bank's interest in personal property. The court specifically refused to enter a Rule 54(b) certification of this partial summary judgment.

Despite the lack of a Rule 54(b) certification, the Janavarases and the Bank filed a notice of appeal. We granted National's motion to dismiss that attempted appeal.

While the first appeal was pending, the Janavarases and the Bank requested reconsideration of the denial of Rule 54(b) certification. After a hearing, the trial court reversed itself and certified the judgment as final pursuant to Rule 54(b). The Janavarases and the Bank filed a second notice of appeal. National has again moved for dismissal of the appeal, asserting that the Rule 54(b) certification was improvidently granted.

■ Rule 54(b) is clearly applicable to this partial summary judgment, which does

not adjudicate all of the claims against all of the parties.[1] Although the trial court determined that there was no just reason for delay in directing entry of judgment and delineated the reasons for its decision, that does not end appellate inquiry. We are not bound by the trial court's determination, but will review the certification to determine if the court abused its discretion. *Peterson v. Zerr*, 443 N.W.2d 293, 296–297 (N.D.1989); *Union State Bank v. Woell*, 357 N.W.2d 234, 236 (N.D.1984).

The trial court cited the following reasons for issuing the Rule 54(b) certification:

(1) "[T]he Court's principal justification is that all of the valid issues of this case should be tried together rather than by a bifurcated trial or retrial following appellate reversal."

(2) "The Supreme Court might as well tell counsel and the trial court what issues there are for trial here."

(3) "[W]ell, frankly, the real reason is to provide the appeal. That appeal then can proceed as to those issues."[2]

Essentially, the trial court's reasoning expresses concern over the potential of a duplicative second trial and invites this court to render an advisory opinion.

We have recently held that, because it can always be said that a second trial may be required if a district court is ultimately reversed on issues decided on summary judgment before trial, the hope or belief that immediate appellate review might avoid the possibility of two trials is not, absent unusual and compelling circumstances, a sufficient reason for granting Rule 54(b) certification. *Club Broadway, Inc. v. Broadway Park*, 443 N.W.2d 919, 921 (N.D.1989); *Peterson v. Zerr, supra*, 443 N.W.2d at 299–300. In order to demonstrate unusual and compelling circumstances, there must be a showing of out-of-the-ordinary circumstances or cognizable, unusual hardships to the litigants that will arise if resolution of the issues on appeal is deferred. *Club Broadway, Inc. v. Broadway Park, supra*, 443 N.W.2d at 922; *Peterson v. Zerr, supra*, 443 N.W.2d at 299. The burden is upon the party requesting Rule 54(b) certification to establish that it will suffer unusual prejudice or hardship if certification is denied. *Union State Bank v. Woell, supra*, 357 N.W.2d at 239. The trial court did not delineate any unusual and compelling circumstances which set this case apart from other cases generally,[3] nor did the parties present evidence or argument at the hearing before the trial court demonstrating unusual and compelling circumstances.[4] Under the circum-

---

1. Rule 54(b), N.D.R.Civ.P., provides:

    *"(b) Judgment Upon Multiple Claims or Involving Multiple Parties.* If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

2. The court's reasons were provided in its written order granting Rule 54(b) certification and orally at the hearing.

3. We note that the trial court issued its Rule 54(b) order prior to our decisions in *Peterson v. Zerr*, 443 N.W.2d 293 (N.D.1989), and *Club Broadway, Inc. v. Broadway Park*, 443 N.W.2d 919 (N.D.1989).

4. The Janavarases have attempted on appeal to raise equitable factors which could be construed as unusual and compelling circumstances, including their age, health, and financial condition. These concerns were not raised at the hearing leading to the Rule 54(b) order, nor is there any indication that the trial court considered these factors in issuing the Rule 54(b) certification. Beyond our usual reluctance to consider matters not first raised in the trial court, *see, e.g., First National Bank & Trust Company of Williston v. Jacobsen*, 431 N.W.2d 284, 287 (N.D.1988), we also note that these factors were raised as mere assertions in the appellate brief and at oral argument, without any citation to support in the record. We therefore do not consider these factors in reviewing the trial court's decision to grant Rule 54(b) certification.

    We note that, although not raised by the parties, the presence of a unique or complex con-

stances in this case, the possibility of a second duplicative trial was not a relevant factor supporting certification.[5]

■ Similarly, the trial court's suggestion that we "might as well tell counsel and the trial court what issues there are for trial here" is a clear invitation to render an advisory opinion, which does not support the court's decision to grant Rule 54(b) certification. We have often noted that we are without authority to render advisory opinions. *See, e.g., City of Minot v. Central Avenue News, Inc.,* 325 N.W.2d 243, 244 (N.D.1982). Rule 54(b) certification may not be used to circumvent that restriction. *Buurman v. Central Valley School District,* 371 N.W.2d 146, 148 (N.D.1985).

■ While improperly relying upon these factors in determining the Rule 54(b) question, the trial court apparently overlooked policy factors which weigh heavily against certification in this case. We have outlined the following non-inclusive list of factors for trial courts to consider in assessing a request for Rule 54(b) certification:

> " '(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.' " *Union State Bank v. Woell, supra,* 357 N.W.2d at 238 [*quoting Allis–Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 364 (3d Cir.1975)].

Assessment of the first two factors in light of the facts in this case militate against an immediate appeal.

■ The adjudicated and unadjudicated claims presented in this case arise from the same series of transactions and occurrences, are logically related legally and factually, and are closely intertwined. *See Union State Bank v. Woell, supra,* 357 N.W.2d at 238. The Janavarases and the Bank contend that a second appeal after trial is a foregone conclusion. Presented with a similar situation, we stated in *Peterson v. Zerr, supra,* 443 N.W.2d at 298–299:

> " 'It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be forced to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties.' 10 Wright, Miller & Kane, *supra,* § 2659, at pp. 103–104 [Footnote omitted.] The fact that it is likely an appeal will be taken after an unadjudicated claim is decided which involves the same factual situation as that involved in the Rule 54(b) certified appeal clearly militates against granting certification. *See Union State Bank v. Woell, supra,* 357 N.W.2d at 239."

There is also the possibility that the primary issue raised on appeal, dismissal of the Janavarases' bad faith claims, may be mooted by the result of the trial on the remaining claims. It is axiomatic that if the jury determines that the Janavarases intentionally destroyed the building in contravention of the policy, thereby abrogating coverage, there can be no bad faith in denying coverage. "[T]he possibility that a need for review might be mooted by future developments in the trial court 'is a distinct argument of substantial weight supporting the normal postponement of review until

trolling issue of law on appeal may be a relevant factor for consideration by the trial court in the Rule 54(b) equation. *See Gaetano Marzotto & Figli, S.P.A. v. G.A. Vedovi & Co.,* 28 F.R.D. 320, 324 (S.D.N.Y.1961).

5. The concerns of the trial court and the parties regarding extensive duplication of evidence, witnesses, and issues if a second trial is necessary

may in fact be substantially alleviated by application of the "law of the case" doctrine. Through judicious use of jury interrogatories, the jury's determination on many issues at the upcoming trial may be binding upon the parties in any later trial, thereby eliminating the necessity of relitigating these issues.

the entire case shall be decided.'" *Peterson v. Zerr, supra,* 443 N.W.2d at 298 [*quoting Panichella v. Pennsylvania Railroad Co.,* 252 F.2d 452, 455 (3d Cir. 1958), *cert. denied,* 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353 (1960) ]. *See also Buurman v. Central Valley School District, supra,* 371 N.W.2d at 149; *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 45 (1st Cir.1988); *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 184–185 (2d Cir.1978).

In *Union State Bank v. Woell, supra,* 357 N.W.2d at 237, we explained the proper procedure for a trial court faced with a request for Rule 54(b) certification:

"In considering an application for a 54(b) order, the trial court is to exercise its discretion, 'weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present.' *Panichella v. Pennsylvania Railroad Co., supra,* 252 F.2d at 455. Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish prejudice or hardship which will result if certification is denied.... The trial court is to weigh the competing equities involved and take into account judicial administrative interests in making its determination whether or not to certify under the Rule."

In this case, the trial court was presented with no relevant equitable factors demonstrating unusual prejudice or hardship which could counterbalance the strong policy against piecemeal appeals. The close factual and legal relationship between the adjudicated and unadjudicated claims and the possibility of future developments in the trial court rendering one issue moot weighed against certification. Rather than properly balancing these juridical concerns against the relevant competing equities, the trial court instead relied upon impermissible factors to reach its conclusion that there was no just reason for delay. We conclude that the trial court abused its discretion in granting Rule 54(b) certification in this case.

For the reasons stated in this opinion, we conclude that the Rule 54(b) certification was improvidently granted. Accordingly, the appeal is dismissed.

ERICKSTAD, C.J., VERNON R. PEDERSON, Surrogate Justice, and MESCHKE, J., concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of VANDE WALLE, J., disqualified.

MESCHKE, Justice, concurring.

I continue to disagree with remodeling Rule 54(b). *See* my dissents in *Peterson v. Zerr,* 443 N.W.2d 293 (N.D.1989) and *Club Broadway, Inc. v. Broadway Park,* 443 N.W.3d 919 (N.D.1989). Rule 54(b) does not expressly call for "unusual and compelling circumstances." The "no just reason for delay" standard in the rule was intended to be far more deferential to the discretion of the trial court. 6 Moore's Federal Practice ¶ 54.41[3]. The majority opinion reflects little "recognition that in many instances the postponement of any judgment until all the claims and the interests of all the parties [have] been disposed of would cause great inconvenience, and at times plain injustice." 6 Moore's Federal Practice ¶ 54.43. For reasons of certainty and deference, I would not usually conclude that a trial court abused its discretion in a Rule 54(b) certification.

Encouragingly, the majority recognizes that "the presence of a unique or complex controlling issue of law ... may be a relevant factor ... in the Rule 54(b) equation." Footnote 4. Unfortunately, no effort has been made to examine the difficult issues raised on this appeal for "unique or complex" qualities. Although we are apparently unable to recognize those characteristics for ourselves in this case, this should be a useful clue for future certifications.

The majority also recognizes that "age, health, and financial condition" may be equitable factors which can be "unusual and compelling." Footnote 4. Unhappily, the potential scope and cost of duplicative trials is not factored into that equitable equation. Nonetheless, an intermediate final judgment can eliminate unnecessary evidence, confine the issues, save litigants ex-

pense in trial preparation, shorten the trial, promote settlement, and expedite the work of a trial court. *See Combined Bronx Amusements, Inc. v. Warner Brothers Pictures, Inc.*, 132 F.Supp. 921, 922 (S.D.N.Y.1955); 6 Moore's Federal Practice ¶ 54.41[3]. Thus, many factors are pertinent to a Rule 54(b) certification. Someday, a record of "hardship" may be well enough developed to enable a plaintiff to reach reviewable nirvana.

Since the trial court's decisions here do not settle all of the issues as to some parties as in *Zerr, supra* and *Broadway Park, supra*, I am not as uneasy about second-guessing this Rule 54(b) certification as I was in those cases. Although I would prefer to reach the merits of these issues, I reluctantly concur.