Judy Ann BULMAN, Plaintiff
and Appellant,

v.

HULSTRAND CONSTRUCTION
CO., INC., Defendant,

and

State of North Dakota, Defendant
and Appellee.

Civ. No. 930007.

Supreme Court of North Dakota.

July 14, 1993.

J.P. Dosland, of Dosland, Nordhougen, Lillehaug, Johnson and Saande, Moorhead, MN, and Melbye Law Office, Dickinson, for plaintiff and appellant. Appearance by Diane F. Melbye.

Laurie J. Loveland, Asst. Atty. Gen., Attorney General's Office, Bismarck, for defendant and appellee State of N.D.

SANDSTROM, Justice.

The question here is whether we should now address the doctrine of sovereign immunity when the issue may become moot by future developments in this case.

Judy Ann Bulman has appealed from a judgment entered under Rule 54(b), N.D.R.Civ.P., dismissing her claims against the State of North Dakota. We dismiss the appeal.

Bulman sued the State and Hulstrand Construction Co. (Hulstrand) for negligence, alleging that her husband's death in 1991 was the result of a motor vehicle accident on a road construction project conducted by the State, for which Hulstrand was the general contractor. Hulstrand answered the complaint, alleging in part: "The deceased, Lloyd C. Bulman, Jr., among other things, was traveling at an excessive rate of speed for the existing road conditions, and was passing a semi

truck trailer when such action was unsafe." The State moved for dismissal pursuant to Rule 12(b)(i),(v), N.D.R.Civ.P., for lack of jurisdiction and failure to state a claim upon which relief could be granted, on the ground that suit against it was barred by the doctrine of sovereign immunity.

Under Rule 54(b), N.D.R.Civ.P., the district court entered a judgment dismissing the State on the ground of sovereign immunity. Bulman appealed and has requested that we overrule this court's decisions upholding the doctrine of state sovereign immunity and judicially abolish the doctrine.

■ Rule 54(b), N.D.R.Civ.P.,[1] authorizes entry of a final judgment adjudicating fewer than all of the claims or the rights and liabilities of fewer than all of the parties if the trial court expressly determines that there is no just reason for delay and expressly directs the entry of judgment. Although the trial court expressly determined that there was no just reason for delay and expressly directed the entry of judgment, we are not bound by the trial court's determination and will review the certification to determine if the court abused its discretion. *Janavaras v. Nat'l Farmers Union Prop. & Cas. Co.*, 449 N.W.2d 578 (N.D.1989).

■ The purpose of our review "is to determine whether the case presents an 'infrequent harsh case' warranting the extraordinary remedy of an otherwise interlocutory appeal." *Gissel v. Kenmare Township*, 479 N.W.2d 876, 877 (N.D.1992). Rule 54(b), F.R.Civ.P., from which our rule was drawn, preserves the policy against piecemeal appeals. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). In determining whether

to issue a 54(b) certification, the trial court must consider "the strong policy against piecemeal appeals." *Krank v. A.O. Smith Harvestore Products, Inc.*, 456 N.W.2d 125, 127 n. 1 (N.D.1990). "Rule 54(b) 'should be construed to preserve our longstanding policy against piecemeal appeals.'" *Smith v. Vestal*, 456 N.W.2d 502, 504 (N.D.1990). A party seeking 54(b) certification must "establish prejudice or hardship which will result if certification is denied." *Union State Bank v. Woell*, 357 N.W.2d 234, 237 (N.D.1984). "We have often noted that we are without authority to render advisory opinions. Rule 54(b) certification may not be used to circumvent that restriction." *Janavaras* at 581 (citations omitted). The trial court was not confronted with a harsh case sufficient to overcome our policy against piecemeal appeals. No prejudice or hardship was established. "There were no unusual or compelling circumstances presented to the court which dictated immediate entry of a separate judgment." *Woell* at 239.

■ We have said that "the presence of a unique or complex controlling issue of law on appeal may be a relevant factor for consideration by the trial court in the Rule 54(b) equation." *Janavaras* at 580–81 n. 4. Bulman argues that, because sovereign immunity is unique, the State's dismissal qualifies under *Janavaras* for accelerated review pursuant to Rule 54(b), N.D.R.Civ.P. We disagree. Sovereign immunity may be "unique", but in this case it is not necessarily "controlling", because the issue and the need for review may become moot because of future developments in the trial court. Trial of the case against the remaining defendant might result in a finding that Hulstrand was 100 percent responsible for Bulman's damages, or a finding that Mr.

1. Rule 54(b), N.D.R.Civ.P. provides:

"*Judgment Upon Multiple Claims or Involving Multiple Parties.* If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the

entry of judgment. In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Bulman was 50 percent or more at fault for his own death.[2] Either of those findings would obviate the necessity for review of the trial court's dismissal of the State on the ground of sovereign immunity and would render any decision on the merits of this appeal purely advisory.

■ In considering whether to issue a 54(b) certification, a court "must take into account judicial administrative interests." *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1, 11 (1980). "Failure to consider the administrative interests involved could result in a substantial waste of judicial resources." *Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150, 1156 (3d Cir. 1990). "Rule 54(b) certification was inconsistent with the appropriate exercise of sound discretion" where a possibility existed that the need for review "may be mooted by future developments in the district court." *Sussex* at 1156. As we have already noted, developments at trial may make the issue of sovereign immunity moot. The possibility that a need for review might become moot by future developments in the trial court supports the normal postponement of review until the entire case is decided. *Peterson v. Zerr*, 443 N.W.2d 293 (N.D.1989).

"Furthermore, it is well established that we will refrain from deciding constitutional issues ... unless required to do so by the case before us." *State v. Wilt*, 371 N.W.2d 159, 161 (N.D.1985). Because of the possibility that trial of this case against the remaining defendant might make the constitutional issue raised in this appeal moot, we will refrain from deciding the constitutional issue presented.

Potential mootness is a just reason for delay. The district court abused its discretion in granting the Rule 54(b) certification and, accordingly, the appeal is dismissed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.

---

2. N.D.C.C. § 32–03.2–02 provides:

"*Modified comparative fault.* Contributory fault does not bar recovery in an action by any person to recover damages for death or injury to person or property unless the fault was as great as the combined fault of all persons who contribute to the injury, but any damages allowed must be diminished in proportion to the amount of contributing fault attributable to the person recovering. The court may, and when requested by any party, shall direct the jury to find separate special verdicts determining the amount of damages and the percentage of fault attributable to each person, whether or not a party, who contributed to the injury. The court shall then reduce the amount of such damages in proportion to the amount of fault attributable to the person recovering. When two or more parties are found to have contributed to the injury, the liability of each party is several only, and is not joint, and each party is liable only for the amount of damages attributable to the percentage of fault of that party, except that any persons who act in concert in committing a tortious act or aid or encourage the act, or ratifies or adopts the act for their benefit, are jointly liable for all damages attributable to their combined percentage of fault. Under this section, fault includes negligence, malpractice, absolute liability, dram shop liability, failure to warn, reckless or willful conduct, assumption of risk, misuse of product, and failure to avoid injury. Under this section, fault does not include any product liability, including product liability involving negligence or strict liability or breach of warranty for product defect."